ISAAC B. ELLSWORTH et al., Respondents, *v.* THE ÆTNA INSURANCE COMPANY, Appellant.

Two policies of fire insurance contained a condition that the company would not be liable " for any loss or damage occasioned by neglect to use all possible efforts to save and preserve the property." The complaint, in an action upon the policies, after setting out a loss, averred that it was not occasioned by " neglect to use all possible efforts by the plaintiffs to save and preserve the property." The answer put this allegation in issue. On the trial, evidence having been given tending to show a breach of the condition, the court was requested by defendant's counsel to charge substantially in the words of the condition ; this was denied. *Held* error; as although the condition had not been set up as a defense, issue as to its breach had been tendered in the complaint ; also the question was one which affected the amount of damages.

(Argued March 23, 1882 ; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought upon two policies of insurance issued by defendant to the firm of Ellsworth & Son, upon a stock of goods.

The material facts are stated in the opinion.

*D. N. Lockwood* for appellant. The non-compliance of the insured with a material condition contained in the policy is a good defense to the insurer, and the plaintiff is charged with

the burden of proving all matters that stand as a condition precedent to his recovery. (*McLoom* v. *Com. Ins. Co.*, 100 Mass. 472; 98 id. 390; *Lobier* v. *Norwich Ins. Co.*, 11 Allen [Mass.], 336; *Bradhurst* v. *Columbia Ins. Co.*, 9 Johns. 18; *Heddon* v. *Eagle Ins. Co.*, 10 Gray, 131.) The rule is the same whether the condition is promissory, or relates to things past, present or future. It also applies to exceptions and conditions in the policy. (*Wilson* v. *Hampden F. Ins. Co.*, 4 R. I. 139; *Merchs. Ins. Co.* v. *Wilson*, 2 Md. 217; *Rogers* v. *Traders' Ins. Co.*, 6 Paige's Ch. 583; *Wheaton* v. *Albany City Ins. Co.*, 109 Mass. 24; 107 id. 140; 21 Wend. 600.) When fire occurs, the assured is bound to do all in his power to save the property. (Wood on Ins., § 466; Arnould on Marine Ins. 836; *Mitchell* v. *Edie*, 1 Term R. 609.)

*Joel L. Walker* for respondent.

RAPALLO, J. Each of the policies upon which this action is brought contains a condition that the company shall not be liable "for any loss or damage occasioned by neglect to use all possible efforts to save and preserve the property when on fire or exposed thereto, or after a fire."

The complaint, after setting out the loss by fire of the goods and furniture insured, avers that said loss was not occasioned by "neglect to use all possible efforts by the plaintiffs to save and preserve the property when exposed to fire."

The answer contains general denials sufficient to put this allegation in issue.

On the trial evidence was given touching the circumstances attending the fire, from which it appeared, as stated in the case, that the plaintiff Isaac, with his wife, and his son the plaintiff Frank, lived on the floor over the store which contained the insured goods. That at about one or two o'clock in the morning, Isaac, hearing the dog in the store bark, got up and went down into the store, unlocked and opened the front door, and let the dog out, then shut and locked the door, and hung up the key, and went to bed, leaving the kerosene lamp burning in the store. He afterward heard the dog bark, and got up again.

He then perceived smoke, alarmed his wife and again went down into the store, and found fire blazing up from behind the counter where the lamp hung. He then unlocked the front door, and threw out two boxes of shoes, and then turned to go up stairs, and met his son Frank and his wife at the foot of the stairs and told them to go back and save what they could up stairs, and they all went back and commenced picking up and throwing things out of the window. No effort appears to have been made to throw out any more goods from the store, and it is to be inferred from the evidence, that Isaac, before returning up stairs, must have relocked the front door of the store, for he says he heard people pounding at it, trying to open it, but they could not and they called to him to throw down the key, and he told them he had not got it, and they got a timber and broke in the door. No explanation is given of the re-locking of the store door, or the loss of the key, or of the omission to continue to throw goods out of the store.

Ebenezer White, a witness for the defendant, testified that he was at the fire, and being asked whether any thing was said about going into the cellar to get out goods, and what Ellsworth said, answered that they stood close to the building, and Ellsworth said, beware there is powder in the building, or something to that effect. There was other testimony touching the conduct of the parties at the fire, which the jury might have taken into consideration had the question of efforts to save property been submitted to them.

The counsel for the defendant asked the court to charge the jury that the plaintiffs could not recover "for any loss or damage occasioned by their, or either of their, neglect to use all possible efforts to save or preserve the property when on fire, or exposed thereto." The court refused this charge, and the defendant's counsel excepted.

For what reason this charge was refused, is not explained. It does not appear that any objection was made that neglect to save goods could not be shown under the pleadings. The request was almost in the precise words of the condition, and although the condition was not set up in the answer as a de-

fense, issue had been tendered in the complaint as to its breach, and the question was one which affected the amount of damages, to be recovered, even if the defendant failed to sustain its defense to the action.

We think that it was error to refuse to charge as requested.

Judgment should be reversed, and a new trial granted, costs to abide the event.

All concur, except TRACY, J., absent.

Judgment reversed.