facts is so clearly without evidence, or against the evidence, as to satisfy the court that there is strong probable ground to believe that the merits have not been fully and fairly discussed, or that the jury have given their verdict upon a misconception of the law, or under any improper extraneous influence, and that great injustice has been done, the court will set aside the verdict, not for the purpose of assuming the trial of the facts themselves, but for the purpose of granting a new trial by another jury or by other triors, under circumstances more favorable to a just result."

This language was approved by the court in Manufacturing Co. v. Foster, 51 Barb. 346, 350, and in Mulligan v. Railroad Co. (Sup.) 11 N. Y. Supp. 452.

I do not believe that any useful purpose is served by an appellate court in following the rule sometimes adopted, and upholding a verdict of a jury rendered upon an alleged state of facts which the court feels perfectly sure did not exist, simply because witnesses have so testified. Such a course promotes carelessness, if not perjury, on the part of witnesses, encourages the bringing of actions which have no merit, and gives meaning and force to the expression frequently heard: "The case is without merit, but testimony will raise a question of fact, and as the defendant is a corporation a recovery will be had if the court does not interfere."

The conclusion is reached that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

---

(33 Misc. Rep. 78.)

REGAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term. November 27, 1900.)

1. INSURANCE—REVIVAL OF POLICY—ACCEPTANCE OF RENEWAL BY LOCAL AGENT —RATIFICATION BY COMPANY.

Defendant's local agent, on receiving from the insured the arrears due on her policy, gave her a receipt which stated that under no circumstances would the company be liable under said policy, in case of death, until the policy has been revived on the books of the company, and, if the company accept the revival application, the amount will be credited in the premium receipt book; otherwise the money will be returned. The insured's application for reinstatement was not received at the home office until after her death. *Held,* that the contention that the company ratified the representation of the local agent that the policy would be revived on the payment of arrears was without merit, since the transaction only constituted an offer to revive, which was never accepted.

2. REVIVAL OF POLICY—SUPERINTENDENT—ASSISTANT SUPERINTENDENT—AUTHORITY—INSTRUCTIONS.

Where the superintendent and assistant superintendent of an insurance company testified that they had no authority to revive policies, an instruction that the authority of the superintendent and assistant superintendent was just as absolute as any authority of the defendant in the home office, and that any act of theirs consistent with the transaction of any business of the company in the district of which they had charge was binding on the defendant, was erroneous.

3. SAME—PROVISIONS OF POLICY—CONSTRUCTION.

Where the insured's policy contains a provision that neither the superintendent, assistant superintendent, nor the local agent had any authority to make, alter, or discharge contracts, the refusal to instruct the jury that the superintendent, assistant superintendent, or local agent had no such authority was erroneous.

**4.** SAME—AUTHORITY—EVIDENCE—EXCLUSION—ERROR.

    Where the defendant insurance company denied that the district super-intendent, assistant superintendent, and the local agent had any authority to revive policies, the exclusion of evidence which tended to show the general custom of the company in regard to the revival of policies was erroneous.

    Appeal from city court of New York, general term.

    Action by Hannah L. Regan, as administratrix of Ellen Regan, deceased, against the Prudential Insurance Company of America. From a judgment of the general term of the New York city court (65 N. Y. Supp. 1143) affirming a judgment of the trial term in favor of plaintiff, defendant appeals. Reversed.

    Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

    William O. Campbell, for appellant.

    Henry W. Sykes (Abraham I. Elkus, of counsel), for respondent.

    GIEGERICH, J. The action is on three policies of insurance issued by the defendant on the life of one Helen Regan in favor of her legal representative. The insured, who was working as a domestic servant, had left her home about a year previous to her death, which happened on the 28th day of November, 1898, and the premiums on these policies were paid weekly by her sister, Hannah L. Regan, the plaintiff in this action. The said policies having lapsed for the nonpayment of premiums in the month of October (the date of the last payment being September 26, 1898), the insured, through her sister, the plaintiff herein, signed three applications for revival, in identical form, each referring to its own particular policy by number, and containing, among other things, the following statement:

    "I hereby declare myself, who was formerly insured under the above-named policy, to be in as good a state of health as when said policy was issued, and that, having allowed it to become lapsed, I wish to renew it upon the understanding that it will not be in force (although I now pay the arrears) until the company shall have consented to revive the same."

    Accompanying the application for the revival of the lapsed policies was the agent's certificate, which embodies the following statement:

    "I hereby declare that I have collected all arrears on policy mentioned above; that I have, this 26th day of November, 1898, personally seen the party formerly assured under that policy; that she appears to be twenty-nine years of age, and in a good state of health. I therefore advise the company to revive the policy.           W. Dackiowitcz, Agent."

    It should be observed in passing that it appears from the evidence that the agent never saw the insured on the day in question, and that hence the statement contained in the foregoing certificate with respect to her health was not founded upon personal observation. Annexed to and forming part of the application was a certificate of health, which was to be filled in by a regularly appointed medical examiner of the company when the arrears exceeded 12 weeks, but, when the amount of the insurance was $500 or over, this form of certificate was required if the arrears exceeded 5 weeks. Such blank form contained the further statement that for amounts under $250 medical inspection would be accepted, and that for amounts of $250

and over medical examination would be required. When these papers were prepared, the plaintiff paid to the agent $5.40, and received from him the following receipt:

"The Prudential Insurance Company of America.

"Home Office, 761 to 769 Broad Street, Newark, N. J.

"$5.40.     November 26th, 1898.

"Received from Miss Regan five 40 ($5.40), being the arrears on policy No. ———, which the applicant desires the company to revive. Under no circumstances will the company be liable under said policy, in case of death, until the policy has been revived on the books of the company, and the money credited in the premium receipt book belonging to said policy.

"———, Agent.

"If the company accept the revival application, the amount paid will be credited in the premium receipt book belonging with the policy; otherwise the money will be returned."

The papers constituting the revival applications were thereupon, on a Saturday evening, forwarded by mail to the home office of the defendant company in Newark, N. J. At 4:30 a. m. on the following Monday, and before the receipt of the papers at the home office, the insured died of consumption in the city hospital. Immediately upon receiving intelligence of the death of the insured, Mr. Zilz, one of the company's district superintendents, notified the home office of the company by telephone of such death, and advised that no action be taken upon the revival applications.

The plaintiff urges that her failure to perform certain conditions connected with the formal applications for the revival of the policies is excusable in view of the alleged representations on the part of the defendant's agent, made at the time of the execution of the revival applications, that the policies would be revived by the payment of back premiums amounting to $5.40, and upon which representations the plaintiff claims to have relied. The proof, however, does not support this contention, nor does it sustain the further claim that the company ratified the agent's act in that respect. Indeed, his authority so to act is disputed by the defendant company, the testimony of its superintendent and assistant superintendent being to the effect that not only he, the agent (using the term in its ordinary significance), but they, who had much more general powers, had no authority to revive lapsed policies without approval by the main office, situate in a foreign state, and to obtain which approval all applications were forwarded to be acted upon. Moreover, the receipt given by the defendant's agent to the plaintiff in terms provides that under no circumstances would the company be liable, in case of death, until the policy had been revived on the books of the company, and the money credited in the premium receipt book belonging to the policy. The court charged the jury that the authority of the superintendent and assistant superintendent was absolute, just as absolute as any authority of the defendant in the home office, and any act of theirs consistent with the transaction of any business of the company in the district of which they had charge was binding upon the defendant. This was error, in view of the positive testimony of the superintendent and assistant superintendent that they had no authority to revive policies, but could report them to the

home office for it's approval. Their business was to attend to the numerous details, being nearer the scene of the transaction; and the object of their being established in their district was for the greater convenience of the persons insured by the company, who would be put to considerable inconvenience if required to journey to the home office in Newark, N. J., for advice or information connected with their policies.

The defendant's counsel requested the court to charge the jury that neither the superintendent, Egenolf, nor the assistant superintendent, Zilz, nor the agent, Dackiowitcz, had any power or authority to make, alter, or discharge contracts, or to waive forfeitures; which was refused, and an exception was noted. The request was substantially in the language of one of the conditions of the policies in suit, and therefore should have been charged. Ellsworth v. Insurance Co., 89 N. Y. 186.

Evidence offered on the part of the defendant, and tending to establish the general custom of the company regarding the revival of policies which had lapsed, was excluded by the court; and so, too, evidence of what was done in this specific instance. Yet the jury were, in substance, instructed that they might make a finding of fact on the evidence as it stood. This clearly was error. With the exclusion of this evidence it is difficult to perceive how the defendant could support its defense of want of authority on the part of the agent beyond the bare statement of its superintendent and assistant superintendent that not only he (the agent, Dackiowitcz), but even they, had no authority to revive the policies.

The receipt given to the plaintiff when she signed the revival applications contains the statement that the money would be refunded should the application be refused. The defendant contends—and we think the contention is borne out by the proof—that there never was anything other than an offer to revive; that, before the offer was accepted and acted upon, the assured died; and it needs no argument to show that the company was not compelled still to proceed, and revive the policies which had lapsed, after the death of the assured.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.