FRANK BOWLIN v. SOVEREIGN CAMP WOODMEN OF THE WORLD.[1]

February 8, 1901.

Nos. 12,367—(191).

**Mutual Benefit Insurance—Failure to Pay Assessment.**

The constitution and by-laws of a fraternal benefit association provided that membership certificates should become absolutely void upon the failure to pay assessments when due, without regard to notice of delinquency, and that such member should stand suspended until reinstated by payment and furnishing of health certificate. *Held*, the receipt of the payments in default, upon the condition that the money is held subject to the reinstatement of the member, the failure of the member to furnish the health certificate, and the subsequent return of the money, show conclusively that the association did not waive the delinquencies.

**Waiver.**

*Held*, the fact that the clerk sent out a notice of a current assessment did not waive prior delinquencies of the member, or recognize him as a member in good standing.

Action in the district court for Ramsey county to recover $1,100 and interest on a beneficiary certificate. The case was tried before Otis, J., and a jury, which rendered a verdict in favor of plaintiff for $1,113.75. The court granted a motion for judgment in favor of defendant notwithstanding the verdict. From a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*C. D. & Thos. D. O'Brien*, for appellant.

*Horton & Denegre*, for respondent.

LEWIS, J.

The conceded facts in this case are as follows: Defendant is a fraternal beneficiary association incorporated under the laws of the state of Nebraska. In the month of August, 1898, one John Bowlin, of St. Paul, Minnesota, father of the plaintiff, became a member, and a certificate of membership was issued to him, by the terms of which $1,000 was to be paid to plaintiff, upon certain conditions, at the death of the father. In the application for the policy, the by-laws and constitution of the association were made

[1] Reported in 85 N. W. 160.

a part of the contract. All former assessments having been paid, there accumulated the following assessments, which were not paid, unless in the manner hereinafter stated: For the month of March, 1899, $1.10, payable on or before April 1 following; for the month of April, two of $1.10, each payable on or before May 1; and for May an assessment of $1.10, payable on or before June 1. During the time covered by these assessments the insured was ill, and on May 22, 1899, the commander of the local lodge called upon him. At that time the mother of the insured gave him the total amount of assessment ($3.30), and asked him to take it to the lodge. The commander took the money, and gave it to the lodge banker, and obtained a receipt, which he gave to the insured. This receipt reads as follows:

No. 110. Clerk's Receipt. $3.30.
Woodmen of the World.
Received of Jno. Bowlin, by W. P. Dyer, this 22d day of May, 1899, three and $^{30}/_{100}$ dollars, as follows.

| | |
|---|---|
| For assessments Nos. 98, 99, 100, 101............... | $1.80 |
| Sovereign Camp, monthly dues...................... | .45 |
| Camp dues from March to May, 1899............... | 1.05 |
| Total................................... | $3.30 |

"If any part of the above amount is paid for the purpose of reinstating the sovereign so paying, it is received upon the condition and agreement that I receive and hold the same in trust for him, pending the necessary action upon his application for reinstatement, and that he has no claim upon the order until such application is accepted in accordance with the constitution and laws. If such application is not accepted, the above sum to be refunded.

"H. R. Bachofen, Clerk,
"Olive Camp, No. 9."
[Seal Olive Camp, No. 9, W. of the W., St. Paul, Minn.]

The clerk who signed the receipt received the money from the banker, and on May 23, forwarded it to the sovereign clerk at Omaha, less local camp dues, and the letter inclosing the money is as follows:

[Seal Olive Camp, No. 9.]

"W. of the W., St. Paul, Minn.

"397 Edmund Street,

"St. Paul, Minn., May 23, '99.

"John T. Yates, Esq.,

"Sov. Clerk, W. O. W.,

"Omaha, Nebraska.

"Esteemed Sovereign: Please find inclosed check, value $2.25, for assts. Nos. 98, 99, 100, 101, for Sov. John Bowlin, who wishes to have his certificate No. 3,487 reinstated with this payment. To·tell the truth, I must say that I have not seen the member for some months, and the blank form to be filled out for reinstatement was mailed to him when suspended, but not returned to me properly executed. I therefore consider him still suspended, unless the application for reinstatement is handed to me as prescribed by our constitution, or he calls on me personally to prove his health.

"Waiting to hear from you on this subject, I remain, esteemed sovereign,                    Yours fraternally,

"H. R. Bachofen, Clerk."

The Omaha office returned the money to the clerk at St. Paul, and a warrant was drawn for the $3.30, and mailed to the insured, but it does not appear when it reached him. On May 31, 1899, the sovereign clerk at Omaha wrote the following letter to the insured:

"Sovereign Office Woodmen of the World, Sovereign Camp.

"J. C. Root, Sovereign Commander.

"John T. Yates, Sovereign Clerk.

"Omaha, Nebraska, May 31, 1899.

"Sov. John Bowlin,

"750 Jackson Street,

"St. Paul, Minn.:

"Esteemed Sovereign: We have this day audited the report received from the clerk of your camp, for assessment Nos. 99–100, and find he has failed to remit this assessment for you, although you were in good standing in the previous report, and no mention has been made of your suspension for the nonpayment of this assessment on this report, but the clerk having failed to remit for you leaves you suspended on the Sovereign Camp books. This is sent you so that, if an error has been made, the same might be corrected.                    Sincerely,

"J. T. Yates, Sovereign Clerk.

"When writing, please give number and location of your camp."

This letter was received at the St. Paul post office June 1. On

June 2 the insured died, never having presented himself personally to the clerk of the lodge, nor having furnished a certificate of health, as required of a member in default who seeks reinstatement.

It is provided by the constitution and by-laws that a failure to pay dues and assessments when due operates ipso facto as a suspension of the member, and during such suspension the certificate is void. It is conceded by appellant that the assessments for March and April were delinquent on the first days of April and May, respectively, and that on May 22 the insured was in default for failing to pay them, and by reason thereof, during the months of April and May, stood suspended. But it is claimed the insured was reinstated by the conduct of defendant in reference to the payment, on May 22, of the $3.30, as above stated. The distinct acts on the part of defendant relied on as constituting a waiver are that of receiving the money, and sending it on to the Omaha office, and the letter from that office of May 31, and the further act of sending him notice of the May assessment, and receiving the money before it became delinquent.

Upon these facts appellant claims to be entitled to recover, upon the authority of Mee v. Bankers L. Assn., 69 Minn. 210, 72 N. W. 74, and Mueller v. Grand Grove U. A. O. D., 69 Minn. 236, 72 N. W. 48. In the Mee case the member was in default, and sent the money necessary to pay up, which the association retained without any conditions, although it requested the certificate of health. Having retained the money unconditionally, it was held a waiver of the health certificate. In the Mueller case the association had for years permitted the member to pay up delinquencies from time to time without objection, and, having treated him as a member in good standing notwithstanding his default, it was properly held that the association was estopped from denying that which its conduct had implied, i. e., that he was a member in good standing.

In the case before us there was a condition attached to the receipt of the money expressly limiting a waiver, and providing that, if the money was paid for the purpose of reinstating the member, the money was held subject to his reinstatement. So,

in the letter by the clerk of the local lodge to the head office at Omaha, express mention is made that the money has been paid to secure a reinstatement; and the letter from the Omaha office to the insured treats him as suspended for nonpayment, and calls his attention to the fact.

The fact that the association sent to the insured notices of the current assessments for May and June did not operate as a waiver of delinquencies then existing. The constitution provides that the extra assessments necessary to meet payments on account of death for each month shall be determined by the sovereign commander and chairman of the finance committee on or about the twentieth of each month. In addition, the constitution provides for a regular monthly assessment of $1.10 for the beneficiary fund and dues, which is made absolutely due and payable on or before the first day of the month following, without notice. There is also a provision that, when any extra beneficiary assessments are ordered, the clerk shall notify the members of such fact; but it is expressly stated that the failure to give such notice shall not relieve a member from suspension for nonpayment. The following notice was sent out, and received by the insured:

"Olive Camp, No. 9, W. O. W.
"St. Paul, Minn.

"D. June 1, 1899.

"Esteemed Sovereign: The regular meeting for the present month will occur on June 1, 1899, and June 15, 1899. Kindly attend. Assessment No. 102, including sovereign and local camp dues now due, will be delinquent after the first of next month. Please pay promptly, for delays are oftentimes dangerous.

"Fraternally,

"H. R. Bachofen, Clerk.

"Address: 397 Edmund Street."

We are asked to hold that this notice is a recognition of the good standing of the member as to all prior assessments; in fact, a waiver of prior delinquencies. There is no foundation whatever for such a claim. In the first place the notice was not required under the constitution; second, it has reference only to the current month, and is consistent with the fact that the insured was still a member of the association, although suspended for non-

payment of former assessments; third, the insured was in no way misled or deceived by the notice. In respect to this branch of the case, we refer to Schmidt v. Modern, 84 Wis. 101, 54 N. W. 264.

The trial court was correct in ordering judgment for defendant notwithstanding the verdict, and the judgment is affirmed.