JONES, Appellant, vs. MODERN BROTHERHOOD OF AMERICA, Respondent.

*March 14—April 8, 1913.*

*Life insurance: Benefit societies: Prohibited occupations: Forfeiture: Waiver: Estoppel.*

1. A benefit certificate issued by defendant became void when the. insured became a paid fireman, but assessments continued to be paid to the secretary of the local lodge. The supreme lodge did not know that the insured had engaged in a prohibited oc-' cupation until notice of his death was sent to it by the local lodge, and seasonably thereafter defendant offered to return the assessments received after the certificate became void. By-laws which were a part of the contract provided that the secretary of the local lodge was not the agent of the supreme lodge and that no act or omission on his part should impose any liability upon or waive any right or immunity of the so-. ciety. *Held,* that there was no waiver or estoppel preventing defendant from setting up a forfeiture.
2. The furnishing by defendant of blank proofs of loss in such a case and the making of such proofs by the beneficiary did not operate as a waiver of the forfeiture, it being expressly provided in the contract that they should not have that effect.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of nonsuit. The action is upon a benefit certificate for $500 issued by the defendant, a foreign fraternal beneficiary organization, May 30, 1908, on the life of one Richard Burke in favor of the plaintiff, who was his foster mother. The assessments were sixty-five cents per month, and were payable to the secretary of the local lodge at Milwaukee. Burke became a paid fireman in the service of the city of Milwaukee, November 1, 1909. This was a prohibited occupation under the terms of the certificate, and his entering into that occupation *ipso facto* made the certificate void. The plaintiff paid the dues to the secretary of the local lodge monthly as they fell due. When

she paid the monthly dues accruing next after Burke became
a fireman, she asked the secretary of the local lodge whether
Burke was still a member, he having joined the fire depart-
ment, and the secretary told her he would write to the su-
preme lodge and let her know. When the plaintiff came to
pay the dues on the following month, the secretary told her
he had not heard from the supreme lodge, but it was all right
because he had not heard from them. Plaintiff also asked
Mrs. Allen (the outgoing president of the local lodge) in Jan-
uary, 1910, if her son could still be a member, and Mrs. Allen
promised to find out and let her know, but never did so.
Burke was killed in performing his duty at a fire in Milwau-
kee, March 24, 1911. His assessments were fully paid at
the time. The local lodge gave notice to the supreme lodge,
and blank proofs were sent by the secretary of the supreme
lodge to the plaintiff, which were executed at an expense of
one dollar and forwarded to the supreme lodge. Payment
was refused, and this action brought. It appeared also that
some person acting on behalf of the defendant offered to re-
turn to the plaintiff the amount of the premiums paid while
the deceased was a member of the fire department, but that
she refused to receive the money.

The certificate provided that the articles of incorporation
and the by-laws of the defendant society should form a part
of the contract of insurance. Among these by-laws were the
following:

"Section 135. *No waiver of any by-laws.* No officer of
this society, either of the supreme or any subordinate lodge,
shall have any power or authority, nor shall such officer be
permitted to waive any of the provisions of the by-laws of
this society which relate to the contract between the members
and the society, whether the same be now in force or here-
after enacted."

"Section 177. *Secretary—Agent of subordinate lodge.*
The secretary of the subordinate lodge is hereby made and
declared to be the agent of such lodge, and not the agent of
the supreme lodge, and no act or omission on his part shall

impose any liability whatever on this society, nor shall such act or omission have the effect of waiving any right or immunity belonging to this society."

"Section 150. All death and accident proofs before being acted upon shall be executed in the form prescribed by said board, and furnished by the supreme secretary; but the furnishing of such blanks or the execution thereof shall in no case be construed as a waiver on the part of the society of a forfeiture for any cause by the member or his beneficiary or beneficiaries of all benefits; nor shall it be construed as a waiver of the right to demand further proof. And in each and every case it shall be the duty of the claimant to furnish and file with the supreme secretary the proof of death or accidental injury as above and herein provided."

For the appellant there was a brief by *Rubin & Zabel*, attorneys, and *Horace B. Walmsley*, of counsel, and oral argument by *Mr. W. B. Rubin* and *Mr. Walmsley*.

For the respondent there was a brief by *Bohmrich & Gabel*, and oral argument by *Louis Bohmrich*.

WINSLOW, C. J.    It is admitted by the appellant that the certificate was rendered void when the deceased became a paid fireman, but it is claimed that the defendant has prevented itself from setting up this defense by acts constituting waiver or estoppel.   These acts are (1) the acceptance and retention of the monthly assessments paid by the plaintiff from November, 1909, until the death of Burke, with knowledge of the fact that he was a paid fireman, and (2) the sending by the defendant to the plaintiff, after knowledge of the facts avoiding the certificate, of blank proofs of loss, and the making out of such proofs at an expense of one dollar.

The difficulty with the first proposition is that there is no proof that the supreme lodge or its officers ever had knowledge of the fact that the deceased had engaged in a prohibited occupation.   The plaintiff testifies that she told Finn, the secretary of the local lodge, of the fact, and that he promised to write to the supreme lodge and find out what the effect would be, and that a month later Finn told her that he had written

and received no reply, and that it must be all right. Finn was not called as a witness. The statement of the plaintiff that Finn told her he had written to the supreme lodge was the merest hearsay and proves nothing. The notice to Finn himself was not notice to the supreme lodge, because the parties contracted by sec. 177 of the by-laws that the secretary of the subordinate lodge is not to be considered the agent of the supreme lodge. No reason is perceived why the parties could not make a binding contract of this kind. So far as the evidence shows, the first knowledge that the supreme lodge had that Burke had engaged in a prohibited occupation was when the notice of death was sent to it by the local lodge. It appearing that the defendant seasonably after acquiring such knowledge offered to return the assessments received, neither waiver nor estoppel can be successfully urged.

As to the second proposition, it appears by sec. 150 of the by-laws that the parties contracted that the furnishing of blank proofs of loss should not be considered as a waiver of a forfeiture, and that it should be the duty of the claimant to furnish the proofs in any event.

By the Court.—Judgment affirmed.