HAYCOCK, Appellant, vs. SOVEREIGN CAMP, WOODMEN OF
THE WORLD, Respondent.

*December 9, 1915—January 11, 1916.*

*Life insurance: Benefit associations: Assessments: Default in pay-*
*ment: Advances by clerk: Suspension: Avoiding certificate:*
*Agency of clerk: What by-laws may provide.*

1. A member of a benefit association had several times defaulted on
monthly assessments, but the amounts were advanced by the
local clerk, whom he repaid. He defaulted on assessment
No. 260 for May, 1912, and the clerk advanced it for him. He
also defaulted on assessment No. 261 for June, but this was not
advanced, and on July 12th the clerk reported him for suspension.
Two days later the clerk collected from him the amount of as-
sessments Nos. 260 and 261, including the latter by mistake,
being under the impression that he had advanced two assess-
ments since the last payment by the assured. The clerk did not
remit assessment No. 261, nor report payment thereof, nor re-
port the assured for reinstatement. The assured also defaulted
in July and August, and died in September, having made no at-
tempt to pay the last mentioned assessments. Under a by-law
providing that failure to pay an assessment results *ipso facto* in
suspension of the member and renders his certificate void, sub-
ject to reinstatement on payment within ten days, *held*, that the
default for July and August avoided his certificate, even if the
association were estopped to take advantage of the June default.
2. A benefit association may provide, as to the local clerk who is au-
thorized to collect from members, that notice to him of matters
not necessarily involved in, or part of, his duty of collection
and remittance shall not be notice to the supreme lodge; but
whether it may limit the scope of his agency so that in making
and remitting such collection he does not act as the agent of
the association, is not decided.
3. A benefit association may also provide for a death benefit cover-
ing only such period as is covered by each successive payment
and terminating at the end of such period, to be revived for a
like period by a new payment and reinstatement of the member.

APPEAL from a judgment of the circuit court for Sauk
county: JAMES O'NEILL, Judge. *Affirmed.*

For the appellant there was a brief by *Bentley, Kelley &*
*Hill,* and oral argument by *Frank R. Bentley.*

For the respondent there was a brief by *V. H. Cady,* attorney, and *Grotophorst, Evans & Thomas,* of counsel, and oral argument by *Mr. Evan A. Evans* and *Mr. Cady.*

TIMLIN, J. This action is by the beneficiary named in a death benefit certificate issued by a Nebraska corporation called "Sovereign Camp of the Woodmen of the World." The defendant is organized on the plan of having one principal or head lodge or camp with numerous local or subordinate camps, to each of which it issues what is called a charter. In the certificate and in the by-laws each member is called a sovereign and he is also entitled, in case he has complied with all the conditions of the beneficiary certificate and by-laws, to a death benefit ranging from $1,000 to $3,000. The certificate in this case was dated August 26, 1911, and the husband of the plaintiff, "Sovereign Harry C. Haycock," died September 21, 1912. Local lodges or camps apparently attend to the business of collecting and remitting assessments. to the defendant and also securing members, largely through their social and fraternal features. Assessments are made monthly. Among the by-laws is one which provides that the suspension of a member for nonpayment of assessments occurs on the first day of the month following default. No notice of assessment is given by the principal lodge to the member and the local camps have no power of suspension of members. The mere failure to pay an assessment *ipso facto* causes suspension and thereupon the certificate becomes void until the member is reinstated. A suspended member may, if he is in good health, be reinstated on payment within ten days. After that time only on certain proof being made, etc. The by-laws also provide that no officer or employee or agent of the sovereign camp nor of any camp has the power, right, or authority to waive any of the conditions upon which the beneficiary certificates are issued or to change, vary, or waive any of the provisions of the constitution or by-laws. "The clerk of a camp shall not by acts, representations, waivers, or by

vote of his camp, have any power or authority not delegated to him or to the camp by the constitution and laws of the order to bind the sovereign camp or his camp." The organization is quite similar to that noticed in *Jones v. Modern B. of A.* 153 Wis. 223, 140 N. W. 1059; *Knoebel v. North Am. Acc. Ins. Co.* 135 Wis. 424, 115 N. W. 1094. The controversy here must be disposed of under the rules of law established by these cases and other complementary cases. We find no statute of this state, and we are cited to none, prohibiting the enactment of such laws or the making of such a contract by fraternal or mutual benefit corporations.

Deceased defaulted nearly every month from the date of the certificate, but payments were for a time advanced for him by the clerk of the local camp, whom he repaid. Assessment No. 260 for May, 1912, was unpaid and the local clerk advanced this for deceased. Deceased also defaulted on the June assessment, No. 261, and this was not advanced. On July 12, 1912, deceased was by the local clerk reported for suspension on this last default. Two days after the local clerk collected from deceased the amount of assessments Nos. 260 and 261, including the latter by mistake. The secretary thought he had since last payment by assured advanced two assessments for deceased, but he had in fact advanced only the May assessment, No. 260. The secretary did not remit to the chief lodge assessment No. 261, nor report any payment, nor report deceased for reinstatement. But deceased also defaulted in July and August and made no attempt to pay and no inquiry concerning his membership after July 14, 1912.

We need not in this case decide how far the defendant might go in authorizing the local clerk to collect from members and at the same time limit the scope of his agency so that in making and remitting such collection he did not act as agent of the defendant. In the state of defendant's domicile, *Henton v. Sovereign Camp, W. O. W.* 87 Neb. 552, 127

N. W. 869; and elsewhere, *Murphy v. Independent Order, etc.* 77 Miss. 830, 27 South. 624, 50 L. R. A. 111; *Modern Woodmen v. Tevis,* 117 Fed. 369; *Knighls of Columbus v. Burroughs' Beneficiary,* 107 Va. 671, 60 S. E. 40, with notes. in 17 L. R. A. N. s. 246 *et seq.,*—all seem to considerably limit the power. The defendant could at least provide that. notice to the local clerk of matters not necessarily involved in, or part of, his duty of collection and remittance would not be notice to the supreme lodge. *Jones v. Modern B. of A.* 153 Wis. 223, 140 N. W. 1059. It could also provide for a death benefit covering only such period as was covered by each successive payment and terminating at the end of such period, to be revived for a like period by a new payment and reinstatement of the member. This it seems to have done.

When the local secretary advanced the assessments for deceased he did so as the agent of the deceased. He was not bound to continue making such advances. He failed to advance for June and the plaintiff became suspended July 1st. On July 14th, more than ten days after default, he paid the June assessment to the local secretary, and the latter by mistake failed to bring this to the notice of the defendant. The suspension therefore continued. Had the member paid for July and August the continuation of this suspension might perhaps be challenged; but the *ipso facto* provisions above alluded to would make default for July and August conclusive even if the defendant were estopped to take advantage of the June default. This makes it unnecessary to consider rulings on evidence, for the foregoing facts are undisputed.

*By the Court.*—Judgment affirmed.