# EMMA HAVLICEK v. WESTERN BOHEMIAN FRATERNAL ASSOCIATION.[1]

July 20, 1917.

Nos. 20,417—(210).

**Mutual benefit insurance — advancing money to pay assessments — no question of waiver.**

1. An officer of the local lodge of the defendant association from time to time, at the request of the insured, advanced assessments coming due and paid them to the association. He did not assume to overlook or excuse defaults but advanced money to avoid them. He made similar · advances for others. No assessments were advanced by the local lodge for the insured nor did it consent to noncompliance with the constitution of the association. It is *held* that the evidence made no question of waiver for the jury either through the conduct of such officer or of the local lodge.

**Same — notice of amount due — not a waiver.**

2. Prior to the death of the insured, and when he stood suspended from the benefits of insurance because of a failure to pay assessments, the officer of the local lodge sent him a statement of amounts due, which included amounts which he had advanced him, with a notice that they must be paid by a specified day, prior to which day the deceased died. The day specified was the day on which a third unpaid assessment would result in a suspension by the provisions of the constitution. This notice was not one required by the constitution. It is *held* that its effect was not to recognize the insured as in good standing, with insurance in effect until the ·day specified, and that it did not, alone or in connection with other acts, constitute a waiver by the company.

**Same — no reinstatement of insured by attempted payment.**

3. On the night before the day when deceased died, and when he stood suspended, though subject to reinstatement in the manner provided by the constitution, a check for the amount of his unpaid assessments was sent by another in his behalf by mail to the financial secretary. The latter received it after the death of the insured, refused to accept it, and returned it to the sender. It is *held* that such sending and receipt of the check did not work a reinstatement of the insurance.

[1] Reported in 163 N. W. 985.

**Same — local secretary not an incompetent witness.**

4. The financial secretary of the local lodge was not an incompetent witness because of G. S. 1913, § 8378, forbidding one interested in the event of an action from testifying to conversations with or admissions of a deceased.

**Same — documentary evidence admissible.**

5. There was no claim of payment of certain accrued assessments except by the check referred to in paragraph 3 preceding. In view of this there was no prejudicial error, if any at all, in receiving in evidence one of the books of the defendant showing the standing of the deceased relative to the payment of dues and assessments.

Action in the district court for Scott county to recover $1,000 upon defendant's policy of insurance upon the life of Frank J. Havlicek. The case was tried before Converse, J., of the First Judicial district, who granted defendant's motion for a directed verdict. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*E. W. Komarek* and *F. J. Leonard,* for appellant.

*Joseph Mekota* and *Arthur J. Phil. Jelinek,* for respondent.

DIBELL, C.

Action on a policy of life insurance. The court directed a verdict for the defendant. The plaintiff appeals from the order denying her motion for a new trial.

1. The defendant is a fraternal insurance company. It issued a policy upon the life of Frank J. Havlicek. The plaintiff, his wife, was the beneficiary. He died on February 17, 1916. At that time the assessment due on December 1, 1915, and which might be paid without a default as late as December 28, 1915, and the like assessment due January 1, 1916, were unpaid. By the constitution the effect of the nonpayment by the twenty-eighth of the month when due was to suspend the insured from all insurance benefits. The insured was formally suspended in December for the nonpayment of the December assessment and notice was given to the supreme lodge.

The plaintiff claims that the defendant waived prompt payment and the consequent forfeiture. This claim is based upon the conduct of the financial secretary. He, from time to time, upon the prior request of the

insured, advanced his assessments. This was a private arrangement. The secretary did not excuse or overlook defaults nor assume to take assessments after insurance benefits were suspended. The sums which he advanced were paid to the association. In some respects the facts are similar to those disclosed in Chandler v. Royal Highlanders (Neb.) 162 N. W. 642, and Haycock v. Sovereign Camp, 162 Wis. 116, 155 N. W. 923, in each of which the arrangement was held to be between the member and the officer and not of a character charging the order.

The question of waiver here urged is not at all like that in the following cases, cited by the plaintiff, where it was claimed that the acts of the local lodge constituted a waiver and the question was held one of fact for the jury: Mueller v. Grand Grove U. A. O. D. 69 Minn. 236, 72 N. W. 48; Leland v. Modern Samaritans, 111 Minn. 207, 126 N. W. 728; Sauerwein v. Grand Lodge, O. S. H. 121 Minn. 229, 141 N. W. 174; Dougherty v. Supreme Court I. O. F. 125 Minn. 142, 145 N. W. 813. Nor is it like the question of waiver in Elder v. Grand Lodge A. O. U. W. 79 Minn. 468, 82 N. W. 987, and Graves v. Modern Woodmen, 85 Minn. 396, 89 N. W. 6, cited by the defendant, where it was held that the acts of an officer of the local lodge in extending indulgences did not constitute a waiver by the order. In these cases there were indulgences granted and defaults condoned either by the local lodge or one of its officers. Here there was neither. The secretary did not overlook or excuse defaults but advanced money to a member so that he might avoid a default. The evidence recited made no question for the jury of a waiver by the association of payment by the twenty-eighth of each month or of the forfeiture resulting from nonpayment.

2. On February 14, 1916, the secretary sent to the insured a notice of the amount owing by him which apparently included sums which he had advanced, and the notice stated that the amounts must be paid by the twenty-eighth of the current month. He was at the date of the notice formally suspended for the nonpayment of the December assessment and by the terms of the constitution the nonpayment of the January assessment had resulted in a suspension of benefits. The day specified was the day on which insured would be suspended because of the failure to pay the February assessment. This notice was not required by the constitu-

tion. Its effect was not to recognize the insured as in good standing with insurance in effect until the date stated in it. Bowlin v. Sovereign Camp, 82 Minn. 411, 85 N. W. 160. It was not a waiver of the forfeiture and suspension. At the time insurance benefits were suspended in accordance with the constitution because of the failure to pay when due, although the insured might be relieved of the effect of the suspension by reinstatement within three months from his suspension in the manner provided by the constitution.

3. The insured died at one o'clock in the morning of February 17, 1916. The night before a check covering his delinquencies, together with the amounts advanced him by the financial secretary, was mailed in his behalf to the secretary. This was in response to the notice mentioned in the preceding paragraph. It was received by the secretary, apparently in regular course of mail, after the death of the insured. He declined to accept it, and at once returned it. The constitution provides that dues or assessments sent by mail shall not be considered received before they reach the secretary. At the time of the mailing of the notice the insured was suspended from benefits. Upon payment of defaults and under certain conditions he was entitled to reinstatement. The provision of the constitution upon these matters is this:

"Art. 58. Any member, who shall fail to pay his mortuary assessment by 9 o'clock p. m. of the 28th day of each month will become on that day suspended from all the benefits of life insurance and his benefit certificate will become null and void and remain so until the suspension is abrogated.

Art. 59. A suspended member may be reinstated to all of his rights and privileges within three months from the date of his suspension if he shall deposit with the financial secretary the assessment and all following assessments due until the day when he desires to be reinstated. The lodge shall at the next meeting take a vote and decide by a majority of all present members if such suspended member shall be reinstated and if the vote is affirmative, the President shall declare him reinstated, and after such declaration and not before the financial secretary shall enter the assessments paid by such suspended member into the column of receipt and re-enter the name of such member in the list of members

in good standing and will report such reinstatement immediately to the supreme office, stating the day on which such reinstatement took place; the secretary shall make a record of this in the minutes of the meeting."

The tender or payment of delinquent dues after the death of the insured would not work a reinstatement of the insurance. Brown v. Knights, 43 Colo. 289, 96 Pac. 450; Rice v. Grand Lodge, 103 Iowa, 643, 72 N. W. 770; Brown v. Grand Council, 81 Iowa, 400, 46 N. W. 1086; Carlson v. Supreme Council, 115 Cal. 466, 47 Pac. 375, 35 L.R.A. 643; Butler v. Grand Lodge, 146 Cal. 172, 79 Pac. 861; Thompson v. Fidelity Mut. L. Ins. Co. 116 Tenn. 557, 92 S. W. 1098, 6 L.R.A.(N.S.) 1039, 115 Am. St. 823; Supreme Lodge v. Jones, 35 Ind. App. 121, 69 N. E. 718; Miller v. Union Cent. L. Ins. Co. 110 Ill. 102; Regan v. Prudential Ins. Co. 33 Misc. 78, 67 N. Y. Supp. 197; Campbell v. Supreme Lodge, 168 Mass. 397, 47 N. E. 169; Bennett v. Sovereign Camp (Tex. Civ. App.) 168 S. W. 1023. These cases illustrate various situations and involve different insurance contracts, but upon principle they are substantially controlling. The deceased was in default. He had been formally suspended from insurance benefits. The report of his suspension had been transmitted to the supreme lodge as required by the constitution. He had not applied for reinstatement and he was not reinstated. There is no evidence that the association waived reinstatement or that a payment after suspension was treated as working a reinstatsment. The defendant waived nothing and was not estopped to insist upon the forfeiture. The situation is distinguished from that involved in Prudential Ins. Co. v. Union Trust Co. 56 Ind. App. 418, 105 N. E. 505.

4. The secretary of the company was permitted to testify as to conversations with the deceased. It is claimed that this was error because of G. S. 1913, § 8378, which forbids a person interested in the event of an action giving in evidence conversations with or admissions of deceased persons. In Bost v. Supreme Council R. A. 87 Minn. 417, 92 N. W. 337, we held that an officer similarly situated was not so directly interested that he was within the prohibition of the statute, and we follow the ruling. See also Perine v. Grand Lodge, 48 Minn. 82, 50 N. W. 1022. The case is distinguished from Peterson v. Merchants Ele. Co. 111 Minn. 105, 126 N. W. 105, 534, 27 L.R.A.(N.S.) 816, 137 Am. St. 537, where a stockholder

of a corporation was held so directly interested that he could not testify.

5. There was no prejudicial error, if any at all, in the receipt in evidence of the book of the defendant showing payments of dues and assessments. The verdict would have been the same without it. On the whole record there was no question that the December and January dues were unpaid unless the giving of the check on February 17, considered in a preceding paragraph and held not to be a payment, was such.

Order affirmed.