# EDNA VILLMONT v. GRAND GROVE, UNITED ANCIENT ORDER OF DRUIDS.[1]

June 3, 1910.

Nos. 16,533—(98).

**Insurance — waiver of payment of assessment — question for jury.**
    *Held,* following Leland v. Modern Samaritans, infra, page 207, and Mueller v. Grand Grove, U. A. O. D., 69 Minn. 236, that the question whether de-

[1]Reported in 126 N. W. 730.

fendant waived the provisions of its by-laws requiring on the part of its members prompt payment of its assessments and dues was one of fact for the jury to determine.

Action in the district court for Ramsey county to recover $1,000 upon a benefit certificate. The answer alleged that decedent had violated the conditions of the constitution in regard to members in arrears, had failed to pay his dues for the month of May, 1908, and been dropped as a member. The reply was a general denial. The case was tried before Bunn, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, she appealed. Reversed and new trial granted.

*John P. Kennedy* and *W. B. Douglas,* for appellant.
*Wondra & Helm,* for respondent.

BROWN, J.

Defendant is a fraternal benefit association organized under the laws of this state. Plaintiff's intestate, her husband, became a member of the association in February, 1906, and thereafter continued as such until the time of his death, unless by reason of his failure to pay certain assessments he became suspended and forfeited all rights under his membership. The constitution and by-laws of the order form a part of the contract of membership and insurance, and a strict compliance therewith is required. The by-laws provide that assessments required to be paid by the members shall be due and payable on the first day of each month, and if not paid some time during the month the defaulting member becomes ipso facto suspended, and forfeits all rights under his contract.

Decedent became a member on February 17, 1906, and died July 9, 1908, leaving assessments for the preceding months of May and June due and unpaid. Subsequent to his death, this action was brought to recover upon the certificate of membership, and defendant interposed in defense this default, insisting that decedent was under suspension at the time of his death and that his certificate of membership had become forfeited. To avoid this apparent default, which was not denied on the trial, plaintiff offered evidence

tending to show a general custom on the part of the local grove of which decedent was a member by which members, including decedent, were permitted to pay their assessments at irregular periods, upon which decedent relied and paid all his assessments in conformity therewith; that therefore a strict compliance with the by-laws was waived by the association. The trial court overruled the defense and instructed a verdict for defendant, on the ground that no custom to the effect claimed was shown, and that all payments that were made by decedent when in default were made under an absolute right, by reason of which the society waived none of the provisions of its by-laws requiring prompt payment. Plaintiff appealed from an order denying a new trial.

The case is controlled by the decision in Leland v. Modern Samaritans, infra, page 207, 126 N. W. 728, and Mueller v. Grand Grove U. A. O. D., 69 Minn. 236, 72 N. W. 48.

At no time after decedent became a member of defendant association did he pay his assessments, with one or two exceptions, at the time provided for by the by-laws, viz., on the first day of each month, but was almost uniformly in default and under suspension when payments were made. That this custom and practice was known to and acquiesced in by the local grove was made quite clear by the evidence, and brings the case clearly within the two decisions just referred to. The theory of the learned trial court, and the contention of defendant on this appeal, was that when the decedent made his payments he had a right to make them under the by-laws, and if he then stood technically suspended the payment of itself operated to reinstate him to all his rights in the order. This identical question was involved in the Leland case, supra, where it was disposed of adversely to the contention of defendant, and requires no further discussion.

So far as the evidence presented in the record in the case at bar shows, no objections were made to the belated payments of decedent. There is no claim that he ever understood that he was under suspension. He made no application for reinstatement, as required by the by-laws, and the question whether a custom to the extent claimed was observed generally without objection or protest by

defendant, and whether the payments were understood by both parties as being made for the purpose of retaining decedent's membership, and not for the purpose of reinstatement, should have been submitted to the jury.

The result of such a custom is the extension on the part of the association of credit to its members, and they must be accorded, under the principles applicable to analogous cases, a reasonable time within which to meet their obligations. They cannot arbitrarily be cut off by sudden impulse on the part of the association, after a long-continued waiver, particularly after death, strictly to enforce the terms of the contract. In the case at bar, the question of custom, and whether decedent died at a time when he might lawfully have made the payments which were overdue, should have been submitted to the jury. The question of reasonable time is not, ordinarily, a question of law, but one of fact, to be determined from all the facts and circumstances shown by the evidence.

Following the cases referred to, the order appealed from is reversed, and a new trial granted.