## IDA SAUERWEIN v. GRAND LODGE OF ORDER OF SONS OF HERMANN.[1]

April 25, 1913.

Nos. 17,955—(79).

**Questions for jury.**

1. In an action against a fraternal insurance company by a beneficiary for the amount to be paid in case of the death of the member insured, where the defense was the membership had terminated by failure to pay dues and assessments and expulsion by reason thereof, *held* that the court properly submitted the question of waiver set up in the reply and also the effect of the attempted expulsion.

**Waiver of payment — binding on grand lodge.**

2. The subordinate lodge, to which the deceased member belonged, was entrusted with the collection of the dues and assessments and the power to discipline or expel members for failure to pay the same; *held* that a practice well known and long continued by such lodge which amounts to a waiver of the prompt payment of dues and assessments binds the grand lodge.

**Verdict sustained by evidence.**

3. The evidence sustains the verdict.

Action in the district court for Ramsey county to recover $1,000 upon defendant's certificate of insurance upon the life of Jacob

[1] Reported in 141 N. W. 174.

---

Note.—The question of waiver by officers of subordinate lodge of forfeiture for nonpayment of assessments is discussed in notes in 4 L.R.A.(N.S.) 421, and 38 L.R.A.(N.S.) 571. And as to waiver by subordinate lodge of right of benefit association to insist upon forfeiture of benefit because of violation of laws of association, see note in 10 L.R.A.(N.S.) 136.

Sauerwein, in favor of plaintiff, his wife. The answer denied that at the time of his death Sauerwein was a member in good standing of Harmonia Lodge, No. 45, one of the subordinate lodges of defendant, and alleged that at the time of his death he had been excluded from his lodge and his name had been stricken from the list of members, for nonpayment of dues. The reply alleged that defendant followed the custom of accepting payments from the insured and other mem-- bers at irregular intervals after the expiration of the time claimed to be specified in defendant's by-laws and constitution, and it was the practice of Harmonia Lodge, No. 45, to accept payments at irregular intervals after the time specified in the constitution and by-laws, and thereby defendant waived strict compliance with the provisions of the certificate, constitution and by-laws, and was estopped from alleging insured was in default in the payment of its dues. The case was tried before Brill, J., and a jury which returned a verdict for the amount demanded. From the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Otto Kueffner,* for appellant.
*O. E. Holman,* for respondent.

HOLT, J.

In this action to recover from a fraternal insurance company for a death loss, plaintiff had a verdict. Defendant appeals from the order denying its alternative motion for judgment or a new trial.

It appears that defendant issues to members of subordinate lodges certificates which entitle the beneficiaries therein named to receive a certain amount from defendant upon the death of the member. Plaintiff is the beneficiary named in the certificate issued to her husband, Jacob Sauerwein, when he in 1905 became a member of Harmonia Lodge No. 45, a subordinate lodge of the defendant. After his death, which occurred December 10, 1911, defendant refused to recognize plaintiff's claim under the certificate on the ground that her husband was not a member in good standing at the time of his death, and that, in fact, he had been lawfully expelled from the order on November 17, 1911, for nonpayment of dues and assessments.

Plaintiff pleaded and adduced evidence tending to prove waiver of the conditions prescribed for members in good standing. Plaintiff's husband, when he died, was in arrears for the monthly dues and assessments for the six months next preceding. A member is required to pay the dues and assessments monthly to the subordinate lodge of which he is a member, and he has the whole of the calendar month within which to make the payment. Failure to pay ipso facto terminates membership. These assessments replenish the mortuary fund. For this purpose defendant has the right to, and does, levy assessments upon the subordinate lodges according to their membership. It thus appears that the grand lodge, this defendant, does not deal with the individual member. The subordinate lodge collects from its members and transmits its quota of the assessment so made to the defendant monthly. The Harmonia Lodge No. 45 so did on or before the third Friday of each month, and apparently without regard to whether or not all its members had then paid.

During all the time plaintiff's husband was a member of the order the practice prevailed of advancing assessments for members in arrears. Repeatedly he and others had been in arrears for as much as five or six months, and payments had then been accepted without any intimation, so far as disclosed, that in the future such belated payments would be refused. There is no evidence that Jacob Sauerwein was ever warned that his irregular way of paying his dues and assessments would endanger his membership, or that the practice of accepting overdue assessments would cease, until told by the president of Harmonia Lodge that he had been stricken; but even that notice was so worded that the inference remained that he still had the opportunity to come to the lodge meeting and pay his dues.

We conclude that the record in this case amply sustains the learned trial court in submitting the case to the jury. Admittedly Harmonia Lodge No. 45 carried Jacob Sauerwein as a member in good standing, although he repeatedly, and practically during his whole membership, was in arrears with his dues and assessments for months. Not only was this true of him but of many other members of the lodge. These violations of the rules and regulations of the order were not occasional and secret occurrences that could not bind the subordinate lodge,

for the testimony of its officers was that invariably in open lodge meetings the delinquencies were reported. The evidence made a clear case for the jury on the question whether or not Harmonia Lodge No. 45 had waived the strict performance of the terms and conditions under which Jacob Sauerwein could remain a member in good standing.

Does such waiver apply to defendant? There ought to be no doubt concerning that proposition under the facts in this case. As alluded to above the dealings with the individual members are entrusted entirely to the subordinate lodge, the collection of dues and assessments as well as visiting the penalty for failure to pay the same. The assessments for the death fund are imposed by defendant on the subordinate lodge and not on each member thereof. It would seem that the subordinate lodge was invested with full authority in the premises to bind the defendant by waiver, if it chose so to do. The rule that the grand lodge may be bound by the waiver of the subordinate lodge is applied and settled in this state by the decisions in Mueller v. Grand Grove, U. A. O. D. 69 Minn. 236, 72 N. W. 48; Elder v. Grand Lodge, A. O. U. W. 79 Minn. 468, 82 N. W. 987; Graves v. Modern Woodmen, 85 Minn. 396, 89 N. W. 6; Villmont v. Grand Grove, U. A. O. D. 111 Minn. 203, 126 N. W. 730; Leland v. Modern Samaritans, 111 Minn. 207, 126 N. W. 728, and Hendrickson v. Grand Lodge, A. O. U. W. 120 Minn. 36, 138 N. W. 946. The case at bar presents an even stronger case for plaintiff than any of the cases cited.

As to the contention that Jacob Sauerwein was expelled from the order on November 17, when the Harmonia Lodge struck his name from the membership roll and notified defendant of such action, it is enough to say that this expulsion can hardly be justified. So far as this record shows, defendant had received the whole assessment due from the Harmonia Lodge for all its members, including Sauerwein, for the month of October, 1911. He was therefore a member in good standing of defendant on November 1, and had the whole month of November within which to pay his assessments and dues for that month, and defendant must have known that the attempted expulsion was not justifiable. In view of the dealings between him and the

subordinate lodge, the latter can not well contend that he was rightfully expelled without notice and without opportunity to pay his debt to it for the dues and assessments advanced by it. The court was right when the jury were instructed in substance that this so-called expulsion was of no effect, unless Sauerwein had prior notice or intimation that further indulgence would then cease, or unless the notification of expulsion was given in such manner that he was advised thereby that no further delays would be granted, and that hence it was incumbent on him to pay up his obligation within a reasonable time, then failure so to do would terminate his membership. No assignment of error challenges the correctness of the charge, except in so far as it left the question of waiver, and the effect of the notice of the so-called expulsion to the jury. If the evidence justified the submission of these propositions to the jury, and we so hold, the manner in which it was done is not criticized, nor could it be. The evidence justifies the verdict.

The order is affirmed.