## MARY DOUGHERTY v. SUPREME COURT OF INDEPENDENT ORDER OF FORESTERS.[1]

March 6, 1914.

Nos. 18,507—(290).

**Forfeiture — waiver by conduct.**

1. If a benefit society, by a course of conduct in accepting payment of dues and assessments after the time required by its laws, creates a belief on the part of the member that strict compliance with the letter of the contract as to time of payment will not be exacted, and the member in consequence fails to pay on the day appointed, the society will be held to have waived the requirement, and it will be estopped from setting it up as a cause of forfeiture.

**Same — bound by conduct of subordinate body.**

2. When by the laws of such a society, a subordinate body is the sole agency by which the society transacts the business for which it was organ-

[1] Reported in 145 N. W. 813.

---

Note.—The authorities on the question of waiver by officers of subordinate lodge of forfeiture for nonpayment of assessments are collated in notes in 4 L.R.A.(N.S.) 421 and 38 L.R.A.(N.S.) 571.

On the question of the necessity of affirmative action in order to terminate rights of member in mutual benefit society for nonpayment of dues, see notes in 17 L.R.A.(N.S.) 246. And as to the effect of failure to pay periodical premium on policy of life insurance to terminate the same, in the absence of a provision for forfeiture, see note in 26 L.R.A.(N.S.) 747.

ized, if the conduct of the subordinate body is such as to operate as a waiver of timely payment, such waiver is binding upon the superior body of the order itself, even though the superior body has no knowledge of the course of conduct of the subordinate body on which the waiver is based.

**Expulsion of member.**

3. Where prompt payment has been waived, the member cannot be expelled without some notice that further indulgence will cease and that no further delays will be granted, and that hence it is incumbent on him to pay in strict accordance with the laws of the order.

Action in the district court for Ramsey county to recover $1,000 upon defendant's policy of insurance upon the life of George B. Dougherty in favor of his mother, the plaintiff. The case was tried before Brill, J., who at the close of plaintiff's testimony denied defendant's motion for a dismissal of the action, and at the close of the case defendant's motion for a directed verdict, and a jury which returned a verdict for $1,399.16 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Thomas Jefferson McDermott,* for appellant.

*Doherty & McNally* and *Kennedy & Kennedy,* for respondent.

HALLAM, J.

In May, 1900, George P. Dougherty joined defendant order, taking membership in a local subordinate court, at Stillwater, Minnesota. He received a beneficiary certificate in which plaintiff was named as beneficiary. By the laws of the order dues and assessments must be paid, for each month, on or before the last day of the preceding month, and failure of a member to make such payment *ipso facto* terminates his membership. The last payment made by deceased personally was for the month of February, 1906. After that his local court advanced his dues and assessments each month up to and including the assessment for September. Then it ceased to make further advances, and reported him suspended on or about October 1. Deceased admittedly remained in good standing to October 1, 1906. Admittedly his assessment for that month was not paid. He

died October 27, 1906. He had forfeited his beneficiary certificate unless prompt payment was waived by defendant.

As far as deceased and the local court were concerned, no serious effort was ever made, on the one hand to make, or on the other hand to require, prompt payment of the dues or assessments required by the laws of the order. It was the common practice to permit members to become many months in arrears, the local court in the meantime advancing out of its general fund the assessments due to the supreme court, and thereafter accepting payment from the members in default when it suited their convenience to pay. In the case of deceased it appears that over a period of two years and eight months he had in no case ever paid an assessment or instalment of dues on time, that his payments had invariably been the reimbursement of advances made, covering arrears for sometimes as much as six months. In some cases part only of the arrearages was received, leaving him still in arrears for as much as two months. For one period of 11 consecutive months he was at no time paid up to date. By a custom of the court the financial secretary advanced the necessary payments for the first month of delinquency. After that the advances were made by a vote or resolution of the court. When such advances were made, a notification of delinquency was sent to the deceased by the financial secretary of the local court, but no notice was ever sent that payments of the local court would be discontinued. There is no evidence that the defendant supreme court had any knowledge of this practice of the local court.

The trial court submitted the case to the jury. A verdict was returned for plaintiff.

The case involves two propositions of law, both of which are now well established in this state.

1. The first is, if a benefit society, by a course of conduct in accepting payment of dues and assessments after the time required by its laws, creates a belief on the part of the member that strict compliance with the letter of the contract as to time of payment will not be exacted, and the member in consequence fails to pay on the day appointed, the society will be held to have waived the requirement, and will be estopped from setting up the condition as a cause

of forfeiture. Mueller v. Grand Grove, U. A. O. D. 69 Minn. 236, 72 N. W. 48; Leland v. Modern Samaritans, 111 Minn. 207, 126 N. W. 728; Sauerwein v. Grand Lodge, Sons of Hermann, 121 Minn. 229, 141 N. W. 174. The evidence is ample that the long-continued conduct of the local court had led plaintiff to believe that a default of months in payment would not forfeit his membership in the order.

2. The second proposition is that when, by the laws of such a society, a subordinate body is the sole agency by which the society transacts the business for which it was organized, if the conduct of the subordinate body is such as to operate as a waiver of timely payment, such waiver is binding upon the superior body of the order itself, even though the superior body has no knowledge of the course of conduct of the subordinate body on which the waiver is based. Mueller v. Grand Grove, U. A. O. D. 69 Minn. 236, 72 N. W. 48; Leland v. Modern Samaritans, 111 Minn. 207, 126 N. W. 728; Sauerwein v. Grand Lodge, Sons of Hermann, 121 Minn. 229, 141 N. W. 174. The facts of this case bring it within this rule. The provision of defendant's laws that the financial secretary and treasurer of a court is the agent of the court and the members thereof unless a bond is given to the supreme court, is not important here. The waiver in this case is predicated, not on the acts of these officers, but of the subordinate court itself.

3. As a corollary to these propositions, it is recognized law that where prompt payment has, by a consistent course of conduct, been waived, the member cannot be expelled without some notice that further indulgence will cease and that no further delays will be granted, and that hence it is incumbent on him to pay in strict accordance with the laws of the order. Leland v. Modern Samaritans, 111 Minn. 201, 126 N. W. 728; Sauerwein v. Grand Lodge, Sons of Hermann, 121 Minn. 229, 141 N. W. 174.

Order affirmed.