(88 Misc. Rep. 93)

HEFFERNAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. INSURANCE (§ 392*)—FORFEITURE—WAIVER OF FORFEITURE.

Where a life policy provided that an assignment should work a forfeiture, and the assignee did not notify the insurer of the assignment until after insured's death, an entry in the insurer's receipt book, showing payment of premiums until after insured's death, does not estop the insurer from relying on the forfeiture.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1041–1056, 1058–1070; Dec. Dig. § 392.*]

2. INSURANCE (§ 645*)—ACTIONS—DEFENSES—PLEADING.

In an action on a life policy, the insurer may take advantage of a breach of a condition subsequent without pleading it, where the breach appeared from plaintiff's own evidence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1632–1644; Dec. Dig. § 645.*]

Appeal from City Court of New York, Trial Term.

Action by Michael Heffernan against the Prudential Insurance Company of America. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

R. Dulany Whiting, of New York City, for appellant.

David M. Neuberger, of New York City (F. S. Marsell, of New York City, of counsel), for respondent.

PAGE, J. The plaintiff is suing as assignee upon two policies of insurance issued by the defendant upon the life of one Jacob Hannon.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The complaint alleges that on or about the 21st day of March, 1911, the policies were transferred to the plaintiff by Hannon by an assignment in writing, and that Hannon died on the 3d day of June, 1911. It is also stated that the premiums due under the policies were paid in full up to the death of the insured, and "that on or about the 6th day of June, 1911, the plaintiff herein duly notified the defendant of his interest in the said policy of insurance aforesaid." The defendant in its answer denies that it has any knowledge or information thereof sufficient to form a belief as to the assignment to the plaintiff, and sets up as a special defense certain alleged misstatements contained in the application of the insured.

Upon the trial the policies were placed in evidence by the plaintiff. They each contained a clause providing: "This policy shall be void * * * if the policy be assigned or otherwise parted with." The defendant moved to dismiss the complaint upon the plaintiff's case. The learned trial justice reserved decision upon the motion, and later the case was reopened, and the premium receipt book of the insured was received in evidence. It is stipulated that this book shows "receipt of the weekly premiums up to and including July 3, 1911." Judgment was thereafter granted for the plaintiff upon two grounds: First, that the defendant was estopped from availing itself of the clause against assignment by the acceptance of the premiums by the plaintiff after the defendant became apprised of the assignment; and, secondly, that the avoiding of the contract by breach of the condition against assignment was a matter of special defense, and could not be availed of unless pleaded.

[1] As to the first, there is not a scintilla of evidence in the record to show that the defendant received payment of any premiums "from the plaintiff," or that any payments were made after the defendant had knowledge of the assignment. The stipulation that weekly premiums up to and including July 3, 1911, were received, is no evidence of the fact that actual payments were made after June 6th, when the defendant was notified of the assignment. The payments might well have been made in advance. It is difficult to see, otherwise, why payments should have been made after the death of the insured on June 3, 1911. The estoppel relied upon is therefore totally unsupported by the evidence, and must be eliminated from consideration.

[2] While it is undoubtedly true that the defendant could not offer affirmative evidence of breach of a condition subsequent in the contract without pleading it as a defense, such a rule has no application to a case where the facts relied upon as a defense are pleaded and proved by the plaintiff as a part of his own case. "When the existence of a fact is alleged in the complaint, it is unnecessary to plead the same fact in the answer to enable the defendant to take advantage of it." Terry v. Buek, 40 App. Div. 419–423, 57 N. Y. Supp. 980. By the very terms of the policy it was void if assigned, and the defendant's motion to dismiss the complaint at the close of the plaintiff's case should therefore have been granted.

Judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.