In McCarthy v. Wood Lumber Co., 219 Mass. 566, 107 N. E. 439, it is pointed out that this statute is penal in its purposes, and that the damages permitted thereby are, in substance, a fine imposed, which the state permits to be paid to designated individuals, instead of into the public treasury.

In O'Reilly v. N. Y. & N. E. R. R. Co., 16 R. I. 388, 17 Atl. 171, 906, 19 Atl. 244, 5 L. R. A. 364, 6 L. R. A. 719, and in Gardner ·v. N. Y. ·& N. E. R. R. Co., 17 R. I. 790, 24 Atl. 831, the courts of Rhode Island also construed the Massachusetts statute as penal in character.

The Vermont courts seem to have followed the same reasoning.     In Adams v. Fitchburg R. R. Co., 67 Vt. 76, 30 Atl. 687, 48 Am. St. Rep. 800, the reasoning is carried into great refinement, and it is pointed out that the determination of the amount of the recovery under the Massachusetts enactment follows the same line of inquiry as would govern a court in fixing a fine.

The same line of reasoning is followed in the federal court in Lyman v. Boston & Albany R. R.. Co. (C. C.) 70 Fed. 409.   The conclusion there reached of the penal character of this statute is therein stated to rest both upon analysis of the statute and the following of the Massachusetts decisions, both leading to the like result.

The judicial reasoning found in those decisions seems well grounded. · The structure and purpose of the statute are both at variance with that of the New York law.   The former is clearly penal in its provisions and is not compensatory in its purpose.   In neither letter nor substance does there seem to be much of any similarity between the enactments of the two states.   Under such circumstances, the courts of this state should not undertake to enforce a liability created by the statutes of another state.

The order appealed from should be reversed, with costs, and judgment on the pleadings should be awarded the defendant, with costs. All concur, except KRUSE, P. J., and FOOTE, J., who dissent.

---

(172 App. Div. 634)

## HOLLERAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Fourth Department.   April 19, 1916.)

1. INSURANCE ☞209—LIFE POLICIES—PASSAGE OF TITLE.

   A writing executed by insured in the nature of an order on the company to pay the proceeds of his life policy to plaintiff is not sufficient alone to vest title to the policy in plaintiff; but where the policy is delivered, and it is the intention of the parties that title should be so vested, title passes.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 479; Dec. Dig. ☞209.]

2. INSURANCE ☞603—LIFE INSURANCE—SETTLEMENT.

   Where the agent of a life insurance company informed plaintiff, who was the assignee of a policy, that he had come to pay the claim, and in that manner induced plaintiff to sign a receipt and release, but only delivered to plaintiff a small sum, which plaintiff had expended in payment of premiums, the release is not binding; plaintiff offering to return the money and demanding that the agent return him the document.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1499; Dec. Dig. ☞603.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. INSURANCE ☞391—LIFE INSURANCE—WAIVER OF CONDITIONS.**

Where a life insurance company accepted premiums from an assignee of a policy, and after the assignee had delivered the policy and premium receipt book attempted to secure a release from him of his claims, there was a waiver of a clause in the policy avoiding it on assignment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1040; Dec. Dig. ☞391.]

Appeal from Oneida County Court.

Action by James E. Holleran against the Prudential Insurance Company of America. From a judgment of the County Court, modifying a judgment of the City Court for plaintiff, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Arthur J. Foley and Lewis, Foley & Foley, all of Utica, for appellant.

William F. Dowling and Lee & Dowling, all of Utica, for respondent.

FOOTE, J. On April 7, 1913, defendant company issued to Frank Von Ertfelda its policy of life insurance, whereby in consideration of a weekly payment of 20 cents it insured his life for the sum of $244, payable at death. The insured died on December 26th of the same year. Plaintiff, claiming to be an assignee of the policy, brings this action to recover its amount. He has recovered on the theory that he is the owner of the policy. In his complaint, however, he alleged:

"That shortly after the issuing of said policy, with the knowledge and consent of the defendant, the policy was transferred by the insured to the plaintiff, as security for money owing by the insured to the plaintiff and in consideration of the plaintiff paying the weekly premiums thereon; that said policy was duly transferred and delivered into possession of the plaintiff, together with the weekly premium receipt book; that plaintiff is now the owner and holder of said policy and said book; that at all times herein mentioned the insured was indebted to the plaintiff, and plaintiff was creditor of said insured; that said debt was not discharged or paid by the insured."

Defendant, by its answer, admitted issuing the policy, put in issue the other allegations, and alleged as an affirmative defense that Von Ertfelda had falsely represented and warranted in his application that he had never used liquors to excess, whereas for a number of years he had been a confirmed user of liquor and drank to excess, and for a third defense that plaintiff had, for a valuable consideration, released defendant from liability under the policy, and for a fourth defense that plaintiff is without legal capacity to sue and is not a proper party to this action.

The case was tried before the City Court of Utica. Plaintiff, as a witness, gave evidence of a transaction between himself and the insured in May, 1913, in which after some conversation the policy and premium receipt book were delivered to plaintiff, and plaintiff paid the overdue premiums and agreed to pay future premiums, and to pay the funeral expenses of insured. A paper was executed at this time

by insured to plaintiff in the nature of an order on the insurance company to pay the proceeds of the policy to plaintiff.

[1] If plaintiff's case rested on this paper alone, it would not be sufficient to vest title to the policy in plaintiff; but, if the parties intended that plaintiff should become the owner of the policy, we think what was said and done at this time sufficient to effectuate such intent. The City Court has, in effect, decided that there was such an intent, and that plaintiff acquired title to the policy, and the County Court has found no error in this decision. We cannot say that it has not sufficient support in the evidence. At the time of the alleged assignment of the policy, insured was indebted to plaintiff to the amount of forty or fifty dollars. This was increased before the death of insured to $126. Plaintiff incurred an expense of $60 for insured's funeral expenses, and plaintiff paid in all $7.20 premiums on the policy, thereby keeping it in force until the death of insured.

[2] After the death of insured, plaintiff delivered the policy and the premium receipt book to an agent of defendant and made claim for the amount of the policy. Some days later defendant's agent called at plaintiff's saloon and said he had some money for plaintiff, and requested plaintiff to sign his name to a paper, which plaintiff did without reading it, supposing, as he says, that he was to receive the full amount of the policy. After he had signed, however, the agent laid down upon the bar $7.20, being the amount of premiums which plaintiff had paid. This plaintiff refused to accept, but the agent left the money there and took the paper which plaintiff had signed away with him. This paper, it seems, was a check for $7.20 to plaintiff's order, and plaintiff's signature was written under the following indorsement on the back of the check: ·

"This check is in full payment of claim under policy or policies mentioned thereon, and the payee accepts it as such by endorsement below. No other receipt required."

The question principally litigated in the City Court was as to whether insured had been in the habit of using liquor to excess before he took out this policy. It appeared that plaintiff kept a saloon, and that the insured had been employed more or less about the saloon in cleaning it out. The City Court decided this issue in favor of plaintiff, and the County Court has affirmed it as a fair question of fact, and we think rightly so. The learned county judge has written an opinion in which he holds, and we think correctly, that there was also a question of fact for the City Court as to the validity of the release which plaintiff signed upon the back of the check, in view of the circumstances under which plaintiff's signature to that paper was obtained. We think that question was rightly decided in favor of plaintiff, especially in view of the fact that plaintiff's testimony as to how that signature was obtained was in no way contradicted. No point is made that plaintiff was bound to tender back the $7.20 before bringing this action.

[3] The policy by its terms is payable "to the executors or administrators of the insured unless payment be made under the provisions of the next succeeding paragraph." The next paragraph is headed

"Facility of Payment," which gives the company the privilege of making payment "to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured for his or her burial, or if the insured be more than fifteen years of age at the date of this policy, for any other purpose." The policy also contained a clause making it void "if the policy be assigned." The question is whether, in view of this form of policy, which is new with this company, there can be a valid assignment of the policy.

We find but one authority in this state upon the question, which is the case of Heffernan v. Prudential Ins. Co., 88 Misc. Rep. 93, 150 N. Y. Supp. 644. This was an Appellate Term case in the First Department, on appeal from the City Court of New York. The defendant in that case had not pleaded the assignment of the policy alleged in the complaint as a ground of forfeiture, but had moved to dismiss the complaint at the conclusion of the plaintiff's case upon that ground. This motion was reserved, and later denied, and judgment was given in favor of the plaintiff, upon two grounds: (1) That defendant was estopped from availing itself of the clause against assignment by acceptance of the premiums paid by plaintiff after defendant had become apprised of the assignment; and (2) that the avoiding of the contract for breach of the condition against assignment was a matter of special defense, and could not be availed of on this pleading. On appeal it was held that this decision was erroneous, inasmuch as there was no proof that defendant had received payment of premiums from the plaintiff, or that any payments had been, in fact, made after defendant had knowledge of the assignment. As to the question of pleading it was held that, while the defendant could not offer affirmative proof of a breach of the condition subsequent without pleading it, that rule did not apply to a case where the facts relied upon as a defense are pleaded and proved by the plaintiff as a part of plaintiff's case, and the conclusion reached by the Appellate Term was that:

"By the very terms of the policy, it was void if assigned, and the defendant's motion to dismiss the complaint at the close of the plaintiff's case should therefore have been granted."

The judgment of the City Court was reversed, and a new trial ordered.

In the cases cited in the opinion of the learned county judge to show that a life insurance policy is assignable, namely, Steinback v. Diepenbrock, 158 N. Y. 24, 52 N. E. 662, 44 L. R. A. 417, 70 Am. St. Rep. 424, McGlynn v. Curry, 82 App. Div. 431, 81 N. Y. Supp. 855, Griffin v. Prudential Life Ins. Co., 43 App. Div. 499, 60 N. Y. Supp. 79, and McNevins v. Prudential Ins. Co., 57 Misc. Rep. 608, 108 N. Y. Supp. 745, no such question was presented, because there was no clause in the policies making them void in case of an assignment. In the Griffin Case there was a condition that the policy should not be assigned, unless in writing; but there was no condition that an assignment not in writing should render the policy void, and the court held that a failure to comply with the condition would not defeat the

vesting of the legal title of the assignee and cited Marcus v. St. Louis Mutual Life Ins. Co., 68 N. Y. 625, as authority for this proposition. The headnote to that case is:

"A policy of life insurance contained a clause declaring that it could be assigned only on the written approval of the company; it did not declare that a violation of the provision would avoid the policy. In an action thereon, held (Miller J., dissenting), that a violation of this provision did not involve a forfeiture, and that an assignee could enforce the policy, although the insurer had not consented to the assignment."

We are aware of no principle or authority by which the clause forfeiting the policy in case of its assignment can be condemned as invalid; but we think we need not examine the question further, as we think the forfeiture, if there was one, was waived.

It is contended that the forfeiture clause was waived by the receipt of premiums from plaintiff after the assignment. But it does not appear that defendant had knowledge of the alleged assignment, or that the premiums subsequently paid were, in fact, paid by plaintiff in person or to defendant's knowledge. It may be, as plaintiff's counsel asserts, that the Mr. Leach, who was present at plaintiff's saloon at the time the alleged assignment was made, was an agent of defendant company, and that he, or some other agent of defendant, called upon plaintiff subsequently to collect the premiums; but these statements have not sufficient support in the evidence to be treated as established facts in the case.

Assuming that it was not necessary for defendant to plead the alleged forfeiture in its answer, inasmuch as the facts appeared sufficiently from the complaint, we think it can and should be held that defendant waived the forfeiture by recognizing a liability under the policy to plaintiff when it paid plaintiff $7.20 after the death of the insured, accepted from plaintiff the policy and premium book, and undertook to secure from plaintiff a receipt or release discharging defendant from further liability on the policy. Very little is required to waive a forfeiture under a life insurance contract after the capital fact of the death of the insured. Any act of the insurer after knowledge of the facts, which treats the contract as still in force, is usually held by the courts to constitute a waiver of forfeiture. The $7.20 was paid by defendant to plaintiff under the policy, and not otherwise, and necessarily recognized that the policy was, to some extent, at least, in force as an existing contract. The payment must have been made to plaintiff as assignee, for the indorsement on the back of the check which plaintiff was required to sign states:

"This check is in full payment of claim under policy or policies mentioned thereon, and the payee accepts it as such by endorsement below. No other receipt required."

The judgment should be affirmed, with costs. All concur.