MARGARET KLEIN, Appellant, *v.* SUPREME COUNCIL OF THE LOYAL ASSOCIATION, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Benefit societies — action to recover on certificate of fraternal — fraud — what constitutes waiver — agency — judgment — trial — evidence — verdict.

In an action to recover on a certificate issued on the life of plaintiff's deceased husband by a fraternal benefit society, the constitution and by-laws of which provided, as authorized by section 239 of the Insurance Law, that " no subordinate council or any of its officers shall have power or authority to waive any of the provisions " thereof and that no application for membership should be received from barkeepers, a judgment in favor of plaintiff was reversed on the ground that the fraud of decedent in concealing the fact that he was a barkeeper could not be waived by the act of the head of the local council, who, as matter of law, was defendant's agent, in directing decedent to conceal the true facts in his application. Upon a second trial the court submitted the question whether after decedent's

death defendant had waived the original fraud in the inception of the insurance by demanding of and receiving from plaintiff the amount of a membership assessment made through the local council whose officers had knowledge of decedent's fraudulent representations. *Held,* that an order setting aside a verdict in favor of plaintiff on the ground that the evidence did not justify a finding that defendant had waived the fraud will be affirmed, the undisputed testimony showing that the agent did not communicate the facts to his principal until some time after knowledge thereof, and that defendant did not intrust the agent with any power to waive the forfeiture and that the limitation of the agent's power in that regard was binding on plaintiff.

Where an agent does an act with knowledge which would constitute a waiver if he were acting as principal, it constitutes a waiver by the principal.

. WHITAKER, J., dissents.

APPEAL by plaintiff from an order of the City Court of the city of New York setting aside the verdict of a jury in favor of the plaintiff and granting a new trial.

Bershad & Gossett (Morris E. Gossett, of counsel), for appellant.

James B. Kilsheimer (James B. Kilsheimer, Jr., of counsel), for respondent.

LEHMAN, J.  The plaintiff has recovered a judgment upon a claim that she was the beneficiary of her husband entitled to receive from the defendant insurance upon her husband's life in the sum of $1,000. The defense to the plaintiff's claim was (*a*) that the plaintiff's husband committed suicide and that under the by-laws of the defendant association no benefit was to be paid upon the death of a member who should die by suicide; (*b*) that the plaintiff's husband was a barkeeper and fraudulently concealed the fact from

the defendant association; that the constitution and laws of the defendant association provide that applications for membership shall not be received from barkeepers.  The plaintiff has succeeded in recovering a verdict in her favor upon two successive trials. The judgment upon the first trial was reversed by this court.  See *Klein* v. *Supreme Council of the Loyal Assn.*, 92 Misc. Rep. 216.  Upon that ·appeal the evidence before the court showed that the decedent had misrepresented his occupation in his application for membership but that the true facts were known to the head of the local council which admitted him.  The evidence further showed that the head of the local council, who, as a matter of law, was the agent of the defendant, directed the decedent to conceal the true facts in his application and was a party to the decedent's fraud. This court held that the fraud of the decedent could not be waived by the acts of the defendant's agent, who was a party to this fraud.  Upon the second trial the trial justice submitted to the jury the question of whether the decedent had committed suicide and whether after the decedent's death the defendant had waived the original fraud in the inception of the insurance by demanding from the plaintiff and receiving the amount of a membership assessment.  The jury found a verdict in favor of the plaintiff.  Thereafter the trial justice set aside the verdict on the ground that the evidence did not justify a finding that the defendant had waived the fraud.  The plaintiff now appeals from the order setting aside the verdict.

While the appellant upon this appeal raises various questions of law, upon this record we can consider only the one question of whether the evidence sustains the finding of the jury.  It is, of course, plain that even though the defendant demanded and received an assessment to which it would have been entitled if the

decedent had been a member of the association, such act can constitute no waiver unless it had actual knowledge of the facts upon which the claim of fraud rests. It appears that this demand and receipt of the assessment was made through the subordinate lodge. It further appears that the subordinate lodge was the agent of the defendant for the purpose both of enrolling members and of receiving assessments and dues. It further appears, that the officers of the local council or subordinate lodge had knowledge of the decedent's fraudulent representations. It further appears that the Supreme Lodge did not have notice of such fraud until some time thereafter and did not intend to waive the fraud unless the knowledge of its agent may be imputed to it.

As a general rule the knowledge of an agent will be imputed to the principal and where an agent does an act with such knowledge, which would constitute a waiver if the agent were acting as principal, it constitutes a waiver by the principal. In the present case, however, the constitution of the defendant provides that "no subordinate council or any of its officers shall have power or authority to waive any of the provisions of the constitution and by-laws of this association." This provision of the constitution is valid and the limitation is binding upon the members and beneficiaries. Section 239 of the Insurance Law applicable to fraternal benefit societies expressly provides: "The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members, shall have the power or authority to waive any of the provisions thereof, and the same shall be binding upon the society and each and every member thereof and on all beneficiaries of members."

It is urged that these provisions of the constitution

enacted in accordance with the statutory law of the state have no application to the present case; that the subordinate lodge did not waive any of the provisions of the association's constitution or by-laws but merely performed certain functions within its powers and that by operation of law these acts constitute a waiver. This contention seems to me unsound. The defendant has done nothing except through its agent which could constitute a waiver either as a matter of law or as an inference of fact. It is the acts of the subordinate lodge acting as the defendant's agent, upon which the claim of waiver must rest. The defendant never itself intended to waive the forfeiture nor did it do anything except through its agent by which it manifested any intent to waive. While the agent could bind the principal in receiving money, it could not bind the principal by assuming to waive any of the provisions of the by-laws. The agent's power was expressly limited in this regard and the limitation is binding on the plaintiff. In the case of *McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336, the court stated: "The rule is laid down in Story on Agency (Section 140) ' Notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time connected with, the subject-matter of his agency; for, upon general principles of public policy, it is presumed that the agent has communicated such facts to the principal; and if he has not, still the principal, having intrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory upon the principal.' "

Applying this rule to the present case we find that the undisputed testimony shows that the agent did not communicate the facts to the principal until some time thereafter and the defendant did not intrust his agent

with any power to waive the forfeiture but on the contrary limited the agent's power and the limitation was binding upon the plaintiff.

It follows that the order should be affirmed, with costs.

FINCH, J., concurs.

WHITAKER, J. (dissenting). The action was brought to recover $1,000, the amount of a death benefit certificate issued to George Klein, husband of the plaintiff, who was named as beneficiary therein.

This is the second trial of the case. Upon the first trial plaintiff recovered a judgment which was reversed by this court. 92 Misc. Rep. 216.

The complaint sets forth that defendant is a corporation, etc.; the issuing of the certificate by defendant to George Klein, plaintiff's husband; the compliance by deceased, George Klein, with all the requirements thereof; the death of George Klein, and that he did not die a suicide.

The answer denies that George Klein, the certificate holder, did not die a suicide; that plaintiff became entitled to the payment of $1,000; that due notice of the death of George Klein was given and the payment of the $1,000 demanded; and also denies the allegation of waiver set forth in the complaint.

After a trial the jury brought in a verdict for the plaintiff. Upon a motion of defendant the court set aside the verdict and ordered a new trial.

The appellant raises several questions in his brief which we deem it unnecessary to consider inasmuch as the former trial settled most of them.

The question as to whether George Klein committed suicide seems to have been decided by the jury in favor of plaintiff.

This court has held on appeal from the judgment in the former trial that the false representations alleged in the former trial invalidated the contract between Klein and the defendant and, inasmuch as the evidence clearly establishes that those representations were actually made, the only question in the present case is one of waiver. This question was submitted to the jury who found as matter of fact that there was a waiver. This finding was set aside by the court and the court decided that no waiver was shown. Klein died December 22, 1913. The assessment became due December thirtieth. The assessment was paid by the plaintiff and paid over to the supreme council in bulk with other moneys before January 15, 1914. December twenty-third or twenty-fourth, and before the assessment was paid, plaintiff stated to the recorder of the subordinate council, who had full authority in the matter, that George Klein was a bartender and had been in the liquor business for some time. It is true the notice of the death and the fact that Klein was in the liquor business did not actually reach the supreme council until January 22, 1914. The money for the assessment, however, had already been sent, to wit, about January fifteenth. The knowledge of the subordinate lodge was the knowledge of the supreme council. The actual receipt of the money by the subordinate lodge was the receipt of the supreme council and the payment of the assessment to the subordinate lodge was a good payment.

The supreme council grants the beneficial certificates, receives the money and makes payments.

The subordinate council is the duly accredited agent of the supreme council.

The plaintiff was not obliged to give the knowledge that Klein was in the liquor business directly to the supreme council nor were the premiums required to

be paid directly to the supreme council.   As before stated, the subordinate council was the accredited agent for these purposes (*Anderson* v. *Supreme Council, Chosen Friends,* 135 N. Y. 107), and anything it did or knowledge it obtained within its designated powers bound its principal.   The point raised by the respondent, that under the constitution of the defendant providing that '' no subordinate council or any of its officers or members shall have power or authority to waive any of the provisions of the constitution and by-laws of this association,'' has no application.   The subordinate council did not waive any of the association's constitutional provisions or by-laws.   It simply performed certain functions clearly within its powers and the necessary consequences of such performance, the law says, constituted a waiver.

The policy of the law is to construe any act of affirmance of the contract with knowledge of the facts by the party entitled to avoid it to be a waiver.

The case of *McCormick* v. *Catholic Relief & Ben. Assn.,* 39 App. Div. 309, is directly in point. This case reviews all the prior cases upon the point raised here and also approves of the act of the trial court in submitting the question of waiver to the jury.

The case of *Walker* v. *Phoenix Ins. Co.,* 156 N. Y. 633, also holds the question is a proper one for the jury.

Forfeiture of any form of contract of life insurance is not favored by the courts.   Slight acts of the insurer which recognize in any way the existence of the policy or contract as still in force will constitute a waiver. *Holleran* v. *Prudential Ins. Co.,* 172 App. Div. 634.

The order should be reversed and the verdict reinstated, with costs.

Order affirmed, with costs.