## MARY L. BEHNKE v. MODERN BROTHERHOOD OF AMERICA.[1]

April 16, 1926.

No. 25,133.

**Local lodge charged with notice of practice of its officers in collection of dues.**

1. The jury might find from the evidence that, by a long-continued course of conduct, the officers of defendant's local lodge, which was its agent to collect membership dues, had led its members to believe that payment of dues need not be made within the time allowed by defendant's by-laws, and that the local lodge was charged with notice thereof.

**Knowledge of practice of officers of local lodge imputable to defendant.**

2. In an action to recover on a member's benefit certificate, it was not necessary for the beneficiary to prove that defendant had actual notice of the practice of the local lodge and its officers. The general principles of the law of agency are applicable. The knowledge of the practice was imputable to defendant, and the jury might find that defendant had waived strict compliance with the requirement of its by-laws.

**Rights of member could not be forfeited without giving him reasonable time to pay.**

3. Defendant could not summarily do away with the practice which the local lodge had been following by notifying a member that he had been suspended for his failure to pay dues at the time fixed in the by-laws. The rights of a member who had habitually paid his dues at irregular intervals, but who was delinquent under the by-laws, could not be forfeited without giving him a reasonable time within which to pay such delinquent dues.

**Dues delinquent under by-laws were paid within reasonable time after notice.**

4. Under the circumstances disclosed by the evidence, the delinquent dues of the insured were paid within a reasonable time after notice, and

[1]Reported in 208 N. W. 542.

the jury might find that at all times after he became a member of the local lodge the insured was in good standing and that his insurance was in force at the time of his death.

**Jury could find defendant had waived strict compliance with by-laws.**

5. G. S. 1923, § 3478, and the provisions of defendant's by-laws, did not preclude the jury from finding that defendant was chargeable with notice of the practice of the local lodge and its officers in respect to the collection of dues and had waived strict compliance with the requirements of its by-laws.

**Evidence not conclusive that insured or defendant intended benefit certificate should lapse.**

6. The evidence does not show conclusively that, at any time prior to the death of the insured, either he or the defendant intended that his benefit certificate should cease to be in force, or that the practice of accepting payment of dues at irregular intervals had theretofore been discontinued by the local lodge.

Mutual Benefit Insurance, 29 Cyc. p. 42 n. 80; p. 171 n. 54 New; p. 176 n. 78; p. 185 n. 45; p. 192 n. 76, 77; p. 193 n. 79, 82; p. 234 n. 64 New; p. 245 n. 49; p. 246 n. 54 New; p. 249 n. 79 New.

See notes in 38 L. R. A. (N. S.) 573.   L. R. A. 1915E, 154; 19 R. C. L. p. 1275; 3 R. C. L. Supp. p. 1009.

Action in the district court for St. Louis county to recover upon a benefit certificate. The case was tried before Freeman, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Thomas A. Gall* and *Sam Sparrow*, for appellant.

*Courtney & Courtney*, for respondent.

LEES, C.

This is an action to recover on a benefit certificate issued to John A. Behnke, in April, 1923, by defendant, a fraternal benefit society with headquarters at Mason City, Iowa.

Behnke died on June 28, 1924. Proper proofs of death were furnished, but defendant refused to pay the claim. It sought to justify

its refusal by pleading and proving provisions in the application, the certificate and the by-laws, requiring monthly payments of membership dues, the penalty for a failure to pay within the month being automatic suspension from membership and a forfeiture of the insurance, payment within 60 days reinstating the member if he was in good health, and by alleging that Behnke failed to pay his dues for May, 1924, was suspended on June 1, and was never reinstated.

The reply admitted that the application, certificate and by-laws contained the provisions set out in the answer; alleged that Behnke and many other members of defendant's local lodge at West Duluth were employes of the Minnesota Steel Company and were not required to pay their dues at the time specified in the by-laws, but were permitted to pay them after their employer's regular pay days; that June 24, 1924, was such a pay day, and on the following day Behnke's dues for May were paid. The evidence showed that Behnke was not then in good health, and at the close of the case defendant moved for a directed verdict. The motion was denied. The jury returned a verdict in plaintiff's favor, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

There was ample evidence to warrant the jury in finding that the officers of the local lodge constantly allowed members to pay their dues after the time fixed in the by-laws, and that the practice was so general that it must have been known to all the members of the lodge.

The contention that defendant was not charged with notice of the practice cannot be sustained. The local secretary, who collected the dues, was the agent of the lodge, and the law imputes her knowledge to the lodge. The holding of this court is that a local lodge is the agent of the supreme lodge for the collection of assessments and dues. Leland v. Modern Samaritans, 111 Minn. 207, 126 N. W. 728; Hendrickson v. Grand Lodge, 120 Minn. 36, 139 N. W. 946. In the case last cited, it was said that

"The local lodge, to the knowledge of defendant, acts through its officers, so that such lodge, and through it defendant, may be bound

by the knowledge and conduct of such officers acting in the discharge of their duties.    *  *  *   Knowledge obtained in the discharge of these duties is the knowledge of the local lodge and defendant."

It is also held that, if a local lodge, by a long-continued course of conduct, has created a belief on the part of its members that payment of dues need not be made in strict compliance with the by-laws, such payment is waived.   Mueller v. Grand Grove, 69 Minn. 236, 72 N. W. 48; Hendrickson v. Grand Lodge, supra; Sauerwein v. Grand Lodge, 121 Minn. 229, 141 N. W. 174; Dougherty v. Supreme Court I. O. O. F. 125 Minn. 142, 145 N. W. 813; Suits v. Order C. T. 139 Minn. 246, 166 N. W. 222, Ann. Cas. 1918E, 508; Kozlak v. Polish Nat. Alliance, 145 Minn. 247, 176 N. W. 911.

In the Sauerwein case the court said:

"The dealings with the individual members are entrusted entirely to the subordinate lodge.   *  *  *   The rule that the grand lodge may be bound by the waiver of the subordinate lodge is applied and settled in this state by the decisions."

In the Dougherty case the court said:

"When  *  *  *  a subordinate body is the sole agency by which the society transacts the business for which it was organized, if the conduct of the subordinate body is such as to operate as a waiver of timely payment, such waiver is binding upon the superior body of the order itself, even though the superior body has no knowledge of the course of conduct of the subordinate body on which the waiver is based."

In the Kozlak case the court said:

"The subordinate group is the sole agency by which defendant transacts its business with its members.   If the conduct of the subordinate group is such as to operate as a waiver of timely payments, such waiver is binding on defendant."

In the case at bar the local lodge was the sole agency by which defendant transacted business with members, and the cases cited are controlling on this point.

Plaintiff was not obliged to show that defendant had actual notice of the practice. Defendant was chargeable with constructive notice upon the broad general principles of agency. In the eye of the law, the acts of the local lodge were the acts of the defendant, and the knowledge of the local lodge, acquired while transacting defendant's business, is imputed to defendant. Klein v. Supreme Council, 98 Misc. 218, 163 N. Y. Supp. 5.

Neither Elder v. Grand Lodge, 79 Minn. 468, 82 N. W. 987, nor Graves v. Modern Woodmen, 85 Minn. 396, 89 N. W. 6, sustains the contention that the acts of the secretary of the local lodge cannot be made the basis of a claim of waiver on the part of the supreme lodge. In those cases the local lodge had no notice, actual or constructive, of the practice of its collector to accept payment of dues after they had become delinquent. In the case at bar the local lodge certainly had constructive if not actual notice of the practice.

The contention that the requirement of the by-laws fixing the time for the payment of dues could not be waived cannot be sustained. Any by-law defendant might adopt could not absolutely prevent it from thereafter altering its contractual relations with its members or avert the possibility of a waiver or estoppel resulting from its subsequent dealings with them. Leland v. Modern Samaritans, supra.

Whether Behnke was suspended, or the secretary of the local lodge notified him that he stood suspended for nonpayment of the May dues, were questions of fact for the jury, which it might properly answer in the negative.

It is conceded that on or about June 16 defendant wrote to Behnke, saying that he stood suspended and requested him to pay his dues and be reinstated to membership. The letter was received a few days before June 24. On that day Behnke's pay check came and on the next day his wife paid the dues to the secretary of the local lodge.

Undoubtedly it was within defendant's power to put a stop to the practice of accepting payment of dues at irregular intervals. The members of a fraternal society cannot insist that once a custom con-

cerning the payment of dues has been established it can never be changed. But a practice of long standing cannot be abolished summarily to the prejudice of a member who has relied on it, and in order to change it members must be notified that henceforth payment must be made at the time prescribed in the by-laws and that no future indulgences will be granted, Bost v. Supreme Council, 87 Minn. 417, 92 N. W. 337; and, if a member is in default when the notice is given, his rights cannot be forfeited before he has had a reasonable time to pay the delinquent dues. Sauerwein v. Grand Lodge, supra. Under the circumstances, payment was made within a reasonable time after the receipt of the notice.

Defendant greatly relies on G. S. 1923, § 3478, which reads as follows:

"The constitution and laws of the association may provide that no subordinate body, nor any of the officers or members of such subordinate body, shall have the power or authority to waive any of the provisions of the laws and constitution of the association, and the same shall be binding on the association and each and every member thereof."

Section 135 of defendant's by-laws reads:

"No officer of this society, either of the supreme or any subordinate lodge, shall have any power or authority, nor shall such officer be permitted, to waive any of the provisions of the by-laws of this society which relate to the contract between the member and the society, whether same be now in force or hereafter enacted."

Section 177 makes the secretary of a subordinate lodge the agent of such lodge and not of the supreme lodge, and declares that no act or omission on his part shall impose any liability on or waive any right of the society.

It is to be noted that there is no provision in the statute that the knowledge of a subordinate lodge shall not be the knowledge of the supreme lodge, and that the by-laws are not as broad as the statute. Under these circumstances, the contention that there could not be a waiver of the by-laws relative to the payment of dues, or that, when

read in conjunction with the statute, as a matter of law there was no room for a finding that there had been a waiver, cannot be sustained. Modern Woodmen v. Ball, 77 Ind. App. 388, 131 N. E. 539; Peterson v. Modern Woodmen, 127 Wash. 412, 220 Pac. 809.

If defendant is right in its contention that a member is automatically suspended by failing to make timely payment of his dues and is not insured until he is reinstated by paying them, many of the members of the local lodge were without protection much of the time. The record shows that no one ever objected to the belated payment of dues or called the attention of a member to the necessity of prompt payment to remain in good standing. On the contrary, it appears that, when Behnke joined the lodge, the president told him he had 30 days after the expiration of each calendar month in which to pay his dues. The jury having found that payment in strict compliance with the by-laws had been waived, Behnke never ceased to be a member in good standing, and the statement in the death certificate, signed by the officers of the local lodge, that he was in good standing at the time of his death is correct.

The foregoing considerations dispose of the contentions that neither the defendant nor Behnke regarded the insurance as in force after the end of May; that it was a fraud on defendant to pay the May dues when Behnke was on his death-bed; that the secretary had never before accepted delinquent dues from a sick member, and that she had no right to do so under any circumstances. If Behnke had not forfeited his rights prior to the June payment of the May dues, defendant could not refuse to accept payment when it was made and he never ceased to be in good standing.

We have not overlooked the fact that in May, 1922, the local lodge resolved to discontinue the practice of paying its members' dues and carrying them for 30 days. The resolution provided that the secretary might pay the dues if a member requested it, and the evidence shows that, notwithstanding the adoption of the resolution, the practice continued as before. In Behnke's case it appears that at different times he paid his dues as late as the twenty-second, the twenty-third, the twenty-fourth, the twenty-fifth, the twenty-sixth

and the twenty-eighth days of the month following the calendar month in which they should have been paid.

This covers all the points which merit discussion. The case was correctly disposed of by the trial court and the order is affirmed.