ADELINE VALLARIO, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.—Action by plaintiff as assignee of an insurance policy. Defendant claims there was no valid assignment, that the insured was not in sound health at the date of the issuance of the policy, and that, therefore, it is void. Although the alleged assignment is in the form of an affidavit, it, in effect, changes the beneficiary from the husband of the insured, named in the policy, to the plaintiff. The intent is clear, from this instrument and the testimony, that the insured, being separated from her husband and being indebted to the plaintiff for advances of money and for board, desired the plaintiff to receive the proceeds of the policy, and, by the affidavit, ordered payment to be made to her. After the execution

of the affidavit and its delivery to the plaintiff, she paid the premiums on the policy until the death of the insured. By its tender to the plaintiff, after knowledge of the facts, of the amount of the premiums paid by her, defendant waived a forfeiture under the provision that the policy would become void by assignment. (*Holleran* v. *Prudential Insurance Co.*, 172 App. Div. 634; *Foryciarz* v. *Prudential Ins. Co.*, 95 Misc. 306.) The plaintiff, however, has not sustained the burden of proof that the insured, at the date of the policy, was in sound health, and the verdict in plaintiff's favor on this question is against the weight of evidence. Beside the very meagre testimony of plaintiff and her son as to work performed by the insured and her general appearance, there was one other witness who gave similar testimony. No medical testimony was offered by plaintiff. Against this there is the undisputed admission by the insured to an investigator in the Domestic Relations Court, Family Division, two months prior to the date of the policy, that she was a very sick woman, and the testimony of Dr. Perlowitz, who examined her on the same day, that she was completely disabled by reason of chronic heart disease, chronic kidney disease and high blood pressure, the death certificate giving the cause of death as asthma and chronic cardio valvular disease, and the further fact that she was a hospital patient for a period of six weeks beginning ten days after the date of the policy; that after being out of the hospital for six days, she was readmitted, remaining there until her death on January 13, 1929. The finding of the jury is clearly against the weight of the evidence on the question of "sound health." Order of Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, reversed on the law and the facts, judgment of the Municipal Court reversed, and a new trial ordered, with costs to appellant to abide the event. Lazansky, P. J., Scudder and Tompkins, JJ., concur; Hagarty, J., concurs in result; Johnston, J., not voting.